PATRICK BOYLE *vs.* HARRIET N. EDWARDS & others.

A grantee under a warranty deed, against whom a writ of entry has been brought, is not bound to permit the grantor to defend, and a refusal to do so will not discharge the grantor's liability for a breach of the covenant of warranty.

A grantee under a deed of warranty, who has been evicted by title paramount from an undivided part of the granted premises, pertaining to which premises is a right to build upon a division wall, can recover the market value of that undivided part of the land with the building right pertaining thereto.

CONTRACT, for breach of the covenant of warranty in a deed of land given by the defendants to the plaintiff.

At the trial in the Superior Court, before *Dewey,* J., it appeared that judgment had been recovered against the plaintiff by one

having a better title for two undivided third parts of the premises ; and that possession had been duly delivered upon a writ of execution issued upon the judgment.

The defendants proved and the plaintiff admitted that the defendants employed counsel and undertook the defence of that action, and told the plaintiff that they would defend it at their own expense and save him harmless from all costs, loss and damages whatever, but that the plaintiff did not assent; that the counsel nevertheless continued in the action acting for the defendants for four or five terms ; that then the plaintiff employed other counsel, who came in and took control of the defence against the wish and objection of the defendants and of their counsel; that thereupon the defendants' counsel again offered to the plaintiff to defend the action and to save him harmless therein ; but that the plaintiff refused to allow him to control and manage the defence, and said he had his own counsel and should manage the case in his own way ; that thereupon the defendants' counsel notified the plaintiff that he should withdraw from the action, and that the defendants would not be responsible to him for any loss, cost or damage he might suffer in it, because he had refused to allow them to defend, and that they did withdraw, the plaintiff making no objection.

The plaintiff claimed damages for the loss of a right to build upon and against the wall of a building adjoining the land. The defendants asked the court to rule, that as the plaintiff retained one undivided third part of the premises, the privilege of building upon the wall could not be considered as an element of damage, but the court refused so to rule, and instructed the jury, that if they found for the plaintiff, he was entitled to recover the fair market value, at the time of the eviction, of two undivided third parts of the land with the building rights connected therewith. Witnesses testified that this privilege was worth from $300 to $500.

The defendants asked the court to rule that, as they in good faith offered to warrant and defend and save the plaintiff from all loss, cost and damage, and were not allowed to do so, there was no such breach of the covenant to warrant and defend as

made the defendants liable for damages in this action. The court refused so to rule, but ruled that it was not a defence to this action that the defendants offered to come in and defend the suit against the plaintiff for the land conveyed, and that the plaintiff declined the offer and saw fit to defend the suit himself, if he did so in good faith, and the defendants suffered no damage thereby; but, if the plaintiff did not in good faith defend, and the defendants suffered damage thereby, it would be a good defence.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*G. Stevens & W. H. Anderson*, for the defendants.

*D. S. & G. F. Richardson*, for the plaintiff.

WELLS, J. We find but two questions raised by this bill of exceptions, or by the argument which has been submitted to us.

First. The defendants, apparently conceding or not denying the superior title by which the plaintiff was evicted of two undivided thirds of the land, contend that as they were ready and desirous to undertake the defence of the writ of entry brought against the plaintiff, and offered to take the charge of conducting that defence and " to warrant and defend, and save the plaintiff from all loss, cost and damage, and were not allowed to do so by the plaintiff, there was no such breach of the covenant to warrant and defend as made the defendants liable for damages in this action."

The plaintiff was not bound to permit the defendants to take the control of the defence to the writ of entry. He might do so, and then they would be concluded by the judgment therein; and that judgment would become the foundation of subsequent proceedings to recover over against them on their warranty. If he preferred to conduct his own defence, he was at liberty to do so without prejudicing his right to recover over. But in that case he could not use the judgment recovered against himself as the foundation of subsequent proceedings in his own favor. It would not be competent evidence, against these defendants, to establish the fact that his eviction was by a title superior to that of his grantors. Their offer to assume the defence of that suit,

and his refusal to permit them to do so, did not exonerate them from their covenant of warranty, nor save the breach. It affected only the force and competency of the judgment as bearing upon the present suit.

The court rightly refused the ruling asked for upon this point; and the ruling given was sufficiently favorable to the defendants, in that aspect of the case.

Second. There was attached to the premises a privilege to use the wall of an adjoining building for the support of buildings that might be erected thereon. This privilege was said to be worth from $300 to $500. The defendants asked the court to rule "that as the plaintiff retained one undivided third part of the premises, the privilege of building upon the wall could not be considered as an element of damage." It is suggested in argument that upon partition the portion of the premises next to said wall might be set to the plaintiff; and thus he might secure this entire right to himself in severalty as annexed to his third part. But the right belongs to the entire premises, and constitutes a part of its value. It would be taken into account in making valuations for the purpose of partition; and, if the portion next to the wall should be set to the plaintiff for his share, it would be reduced in extent in precise proportion as it would be increased in value by the advantage from the enjoyment of this privilege. The ruling asked for was rightly refused, and the instructions given to the jury on that point were correct.

*Exceptions overruled.*