LEBANON v. MEAD & a.

A notice to a third person to come in and assume the defence of a pending suit, which does not state the cause or nature of the action, nor show in what way he may be interested in the result, is not sufficient.

CASE, to recover a sum which the plaintiffs were compelled to pay Eaton as damages for an injury caused by an obstruction placed in a highway by the defendants.

March 19, 1884, while the suit Eaton against the plaintiffs was pending, the following notice was served upon the defendants:

" Grafton ss.                    Supreme Court, March Term, 1884.

"Albert S. Eaton v. Town of Lebanon.

" It being suggested that Charles Mead (and others, naming all the defendants) may be interested in the defence of the above named action, it is ordered that they be notified to appear at said court, on Monday, March 24, 1884, at four o'clock in the afternoon, and take upon themselves the defence of said action.

"Attest:                    Chas. B. Griswold, *Clerk*."

At the same March term the cause was tried by the court, and judgment rendered for the plaintiffs.  Two of the seven defendants, at the request of the town, testified as witnesses at the trial; but none of them appeared in response to the notice.

*Spring & Spring*, for the plaintiffs.

*Shirley & Stone* and *W. H. Cotton*, for the defendants.

CARPENTER, J.  If by operation of law, a third person is answerable to a defendant for whatever the plaintiff may justly recover, and has due notice of the suit, the judgment obtained without fraud against the defendant is, in an action brought by him against such third person to enforce his liability, conclusive

evidence of the facts determined by it.    It would be unreasonable
to permit him to contest the justice of the claim in the suit against
himself, after having neglected or failed to show its injustice in
the suit against the person he is bound to indemnify.    *Thrasher* v.
*Haines*, 2 N. H. 445 ; *Littleton* v. *Richardson*, 34 N. H. 179 ; *Phil-
brick* v. *Shaw*, 63 N. H. 81.    Knowledge of the action and an oppor-
tunity to defend it are indispensable to make the judgment evi-
dence.    *Burrill* v. *West*, 2 N. H. 190.    Upon the question what
constitutes a sufficient notice, the authorities are not uniform.
*Miner* v. *Clark*, 15 Wend. 425 ; *French* v. *Parish*, 14 N. H. 496,
502 ; *Boston* v. *Worthington*, 10 Gray 496 ; *Boyle* v. *Edwards*,
114 Mass. 373 ; Rawle on Cov. (4th ed.) 221–232.    Whether it
is sufficient that the party responsible over, though not expressly
notified, has knowledge, however acquired, of the pendency and
nature of the action, and of the facts upon which his liability
depends *(Chicago* v. *Robbins*, 2 Black 418, *Robbins* v. *Chicago*,
4 Wall. 657, *Fogg* v. *Plumer*, 17 N. H. 112, *Parker* v. *Moore*, 59
N. H. 454, and *Philbrick* v. *Shaw. supra)*, is a question which need
not now be considered.    It does not appear that these defendants
had such knowledge.    The written notice served on them did not
purport to come from, or to be issued at the suggestion or for the
benefit of, the town.    It informed them that the court had ordered
them to be notified to appear and take upon themselves the
defence of an action to which they were not parties.    It gave them
no reason to suppose the action was not a petition for an abate-
ment of Eaton's taxes, or for a new highway, or a suit on a prom-
issory note.    The reason given in the notice for ordering its service
on them was, that it had been suggested to the court by some per-
son, whose name is withheld, that they might in some undisclosed
manner be interested in the defence of the action.    It is not found
that they had any knowledge of the cause or nature of the action,
or of a purpose of the town to employ against them the judgment
which Eaton might recover, or of any fact tending to show that
such a judgment could concern them, or of any interest they could
have in the defence of the town.    If they were tax-payers in Leb-
anon, they might infer they were invited to resist Eaton's effort to
obtain a judgment which would increase their share of the public
expense.    The written order of notice, and the circumstance that
two of them testified at the trial, may or may not be competent
evidence upon some material question of fact.    These two wit-
nesses may have been called merely to impeach, or to sustain, the
general reputation of another witness for veracity. . They may have
had no knowledge of the controversy, or of any reason why they
should undertake the defence, or be bound by the judgment.    All
information of Eaton's claim, and of every fact tending to show
their duty of satisfying or resisting it and indemnifying the town,
may have been studiously concealed from them.    If a notice would
be sufficient that would put a person of ordinary prudence upon

inquiry, it is not found that such a person would have inquired, or by reasonable inquiry would have discovered a ground on which these defendants could be affected by a judgment against the town. If the fact of their knowledge or understanding, or of the town's intention, is material, it is to be found at the trial term.

*Case discharged.*

SMITH and BINGHAM, JJ., did not sit: the others concurred.