SARAH CECCONI *vs.* DANIEL RODDEN & another.

Suffolk.   March 22, 1888. — May 17, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Deed — Boundary — Covenant — Warranty — Eviction — Improvements — Damages — Party Wall — Building Act — Exceptions.*

A warranty deed described the lot conveyed as bounded by adjoining land and a building thereon "on the line through the centre of the partition wall," such wall being entirely on the land adjoining, and the grantee was evicted by the adjoining owner from the strip of land covered by the wall. *Held*, that the deed purported to convey to the centre of the wall and that the grantor was liable to the grantee in an action for breach of covenant of warranty.

A bill of exceptions alleged by the grantor stated that a witness for the plaintiff was permitted to answer a certain question, but did not disclose what the reply was, or that the answer was in any way unfavorable to the defendant. *Held*, that the defendant had no ground of exception.

The grantee had begun, before the eviction, to make improvements upon the strip of land covered by the wall and, after notice and pending a bill in equity by the adjoining owner to restrain him, in good faith proceeded to complete them. *Held*, that the grantee could recover the value of such improvements.

The deed contained no covenant that the wall was a party wall, and the presiding

judge at the trial so instructed the jury, as requested by the defendant, adding, that the plaintiff, in accordance with a decision of this court, the report of which was in evidence, had certain prescriptive rights in the wall. *Held,* that the defendant had no ground of exception.

The presiding judge further instructed the jury, that although the plaintiff could not, under a building act, erect a wall of more than a certain height, using the strip alone for that purpose, it did not follow for that reason that the land was not of substantial value. *Held,* that the defendant had no ground of exception.

CONTRACT to recover for breach of the covenant of warranty in a deed of land given by the defendants. Writ dated March 15, 1886. Trial in the Superior Court, before *Blodgett,* J., who allowed a bill of exceptions in substance as follows.

On June 13, 1881, the defendants, Daniel Rodden and Margaret Rodden, by a deed, which contained the usual covenant of warranty, conveyed to the plaintiff a parcel of land in Boston, with the buildings thereon, bounding and describing it, so far as material, as follows : " Northeasterly by Endicott Street, nineteen feet and eight inches, including the passageway, three feet wide, running southwesterly from said street, northwesterly by land and building now or late of Paine S. Higgins, on a line through the centre of the partition wall, forty-two feet nine inches." The original deed of the premises, dated May 23, 1843, from Josiah Brown to one Harris, the defendants' predecessor in title, contained the same description.

The wall first mentioned in the deeds as a partition wall was built by Paine S. Higgins, the adjoining owner, entirely on his own land, and the wall and the land under it were owned at the time of the conveyance from the defendants to the plaintiff, and ever since had been owned, by Hugh McLaughlin, who was the grantee of Higgins. This wall was eight inches in thickness, about twenty-eight feet in length and thirty feet in height, and was entirely covered on the end on Endicott Street by the front wall of the house of McLaughlin, and the only connection of the wall with the building on the lot described in the deed from the defendants to the plaintiff was that the said building as it stood at the time of the conveyance was supported on that side by the wall, and it had been so supported for more than thirty years. Adjoining the wall on its southeast face and running the whole depth of the lot was the passageway described in the deed, which was covered, and five and a half feet in height, the fee

of which was conveyed to the plaintiff. The southeast face line of the wall was coincident in its whole length with the northwest line of this covered passageway. The defendants had, at the time of this conveyance to the plaintiff, acquired by adverse use the right to use the wall for the purpose of supporting the building standing on the lot conveyed as it then stood, and without any right to place any additional burden thereon, and without a right to tie into or disturb McLaughlin's front wall, which covered the end of it.

The defendants contended, and asked the judge to rule, that by a proper construction of the deed from the defendants to the plaintiff the boundary line was upon the northwest side of the southeast line of McLaughlin's land and buildings. The judge refused so to rule, but ruled that, by the deed from the defendants to the plaintiff, the boundary line upon the northwest side was the middle line of the partition wall.

One Stephen Brennan was called as a witness by the plaintiff, and was asked the following question: " Have you made estimates of the expense of erecting the present building upon the lot as it is described in the deed to the plaintiff, and also an estimate of the expense of erecting it on the land which the plaintiff actually owns, i. e. throwing out the one half of the partition wall and land under it, so as to get at the difference between these two expenses ? " The defendants objected to this question; the bill of exceptions recited that " the question was admitted, and the witness allowed to answer," but did not disclose what the answer was.

It was conceded by the defendants that just prior to the date of the writ in this action the plaintiff had been evicted by McLaughlin from a strip of land four inches wide lying underneath the partition wall and between the northwest line of the covered passageway and a line running through the centre of the partition wall, which strip was the only land for which the plaintiff sought to recover damages. It appeared in evidence, that the plaintiff in August, 1885, before the eviction, had erected, resting it on the partition wall to the extent of the four inches which she then claimed to own, an additional story to her building, which McLaughlin afterwards compelled her to remove ; and that she did this after she had received notice, and during the

pendency of a bill in equity filed against her by McLaughlin to restrain her from building upon the wall. The defendants asked the judge to rule that the plaintiff could not recover any sum for the value of the new structure; but the judge refused so to rule, and instructed the jury as follows: " If the plaintiff acted in good faith in the erection of that additional story, believing that she was the owner of this strip of land, as well as the other land about which there is no dispute, in assessing damages the jury should give the plaintiff the value of that portion of the structure which stood upon this strip of land, and that value would not be simply the value of the material, having in view how that part of that structure was related to the rest of the building upon the land."

The defendants asked the judge to instruct the jury that there was no covenant in the deed that the wall in question was a party or partition wall. The judge thereupon gave the instruction, adding, that it was adjudicated in *McLaughlin* v. *Cecconi*, 141 Mass. 252, the report of which case was in evidence, " that so far as the old building was concerned the plaintiff had a right to use that wall as a party wall, and that right had been acquired by use for thirty years."

The building on the land conveyed by the defendants to the plaintiff was a structure of brick, the front and rear walls of which were thirty feet in height, and the ridgepole of the building was some sixteen feet higher than the front and rear walls. The defendants asked the judge to instruct the jury that, " under the laws regulating buildings in the city of Boston in force at the time the plaintiff began the erection of her building, which was subsequent to the enactment of the St. of 1885, c. 374, the plaintiff could not use the said wall for building purposes, and that the plaintiff could not recover of the defendants any damages for loss of building rights on said wall." The judge declined to give this instruction, and instructed the jury as follows: " The plaintiff says that she has been greatly injured because of the failure of title to a narrow strip of land, and the right to use that strip as she pleases. The defendants say, that, if she owned this strip of land, she could not put up a building to the height of the present building, using simply the four inches of land and erecting a building upon that wall only four inches thick, because

. that is prohibited by the statute relating to building in the city of Boston. That is a matter for your consideration, but it would not follow that the land was not of substantial value for that reason."

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*O. A. Galvin*, for the defendants.

*A. A. Ranney & I. R. Clark*, for the plaintiff.

DEVENS, J. 1. It was held in *McLaughlin* v. *Cecconi*, 141 Mass. 252, that McLaughlin, who held the estate formerly of Paine S. Higgins, was the sole owner of the wall between his estate and that of the plaintiff in this action, and that the wall was wholly on his land, although Sarah Cecconi, through her grantors, had acquired certain prescriptive rights to use the same.

The plaintiff now brings this action for a breach of the warranty in the deed made to her by the defendants. It is not disputed that the entire wall is upon the land of McLaughlin, and that the plaintiff's only rights to use the same are those limited rights acquired by prescription. The contention of the defendants is, that, as the land conveyed by them to the plaintiff was bounded upon the land of McLaughlin, and as this is now shown to include the wall, the monument thus referred to governs the description given in the conveyance, and limits it.

But the question is not what the defendants actually conveyed, but what they undertook and by their deed purported to convey, and such a construction wholly disregards important words used by them in the description contained in their conveyance, to which their warranty applies. The language in their deed, referring to the disputed boundary, is: " Northwesterly by land and building now or late of Paine S. Higgins," (which estate is now that of McLaughlin,) " on a line through the centre of the partition wall, forty-two feet nine inches." It is more than probable that, when this deed was made, the defendants believed that they owned to the centre of the partition wall, and that the land of Higgins began at a line drawn through this centre. They therefore definitely made that line the boundary of the land conveyed, and although it is now shown that the land of Higgins included the whole wall, the words which define this line control and govern in their attempted grant. It is not necessary, in order to reach this conclusion, to invoke the

familiar rule that the words in a deed, where there is ambiguity, are to be taken most strongly against the grantor.

2. A witness at the trial was asked whether he had made " estimates of the expense of erecting the present building upon the lot as it is described in the deed to the plaintiff, and also an estimate of the expense of erecting on the land which the plaintiff actually owns; that is, throwing out the one half of the partition wall and land under it, so as to get at the difference between these two expenses." The witness was permitted to answer this, subject to the defendants' exception. What the reply was is not stated, nor, if this was the sole question and answer on this point, can it have been of the slightest importance. Whether he had or had not made estimates was of no consequence, in any aspect of the case, unless he afterwards testified as to them. There is nothing to show that he did, or that the inquiry went any further. Exceptions to a question to a witness cannot be considered, which do not show how the question was answered, and that such answer was in some way unfavorable to the party excepting. *Kershaw* v. *Wright*, 115 Mass. 361. *Pennock* v. *McCormick*, 120 Mass. 275.

3. It appeared at the trial, that the plaintiff, before her eviction from the four-inch strip of land, had erected on the partition wall, to the extent of the four inches which she claimed to own, an additional story, which she was afterwards compelled by McLaughlin to remove. This was done after she had received notice, and during the pendency of a bill in equity to restrain her from building on the wall. The defendants asked the court to rule that she could not recover for the value of this new and additional structure. The court properly ruled that, " if the plaintiff acted in good faith in the erection of that additional story, believing that she was the owner of this strip of land, as well as the other land, about which there is no dispute, in assessing damages the jury should give the plaintiff the value of that portion of the structure which stood upon this strip of land, and that value would not be simply the value of the material, having in view how that part of that structure was related to the rest of the building upon the land."

The general rule for damages in case of an eviction of a grantee by a paramount title, when there is a covenant of warranty,

has long been settled to be the value of the estate at the time of the eviction, including therein the value of the improvements which the evicted tenant has placed upon the land. *Gore* v. *Brazier*, 3 Mass. 523, 543. *Norton* v. *Babcock*, 2 Met. 510, 518. *White* v. *Whitney*, 3 Met. 81. Nor should any exception be made to this, as the defendants urge, because before the tenant had completed her improvements a bill in equity to restrain her had been brought by McLaughlin, claiming to be the owner of the land. She had a right to rely upon the defendants' warranty, to believe that the estate conveyed was lawfully hers, and, acting in good faith, to proceed with her improvements. *Boyle* v. *Edwards*, 114 Mass. 373.

4. The ruling that there was no covenant in the deed to the plaintiff, that the intermediate wall was a party or partition wall, was given at the defendants' request. It cannot have injured the defendants that the court added that the plaintiff had acquired certain rights by prescription to the use of the wall for the old building. The report of the case of *McLaughlin* v. *Cecconi, ubi supra*, was in evidence.

5. The defendants urge that the court erred in refusing to instruct the jury that the wall, which was a four-inch wall, could not be used for building purposes, " and that the plaintiff could not recover of the defendants any damages for loss of building rights on said wall." St. 1885, c. 374, §§ 44–46. It is not quite clear what was intended by this request. The statute referred to requires that walls for buildings of thirty feet in height shall be eight inches thick. The partition wall was in fact eight inches thick, although only four inches were on the land assumed to have been conveyed to the plaintiff. It does not appear that the plaintiff had claimed any damages for loss of building rights in the wall, and a correct rule had already been given to the jury as to the damages to which the plaintiff was entitled. Apparently the defendants desired to have the court inform the jury that a wall four inches in width only could not be used for the construction of a building as high as that of the plaintiff. It was in this sense that the court understood it, and the fair interpretation of the judge's remark on this subject is, that such is the case, but that it does not therefore follow that the land is not of substantial value.          *Exceptions overruled.*