## RUBEY v. IRICK.

No. 6792—Opinion Filed Feb. 19, 1917.

(163 Pac. 514.)

(Syllabus by the Court.)

**1. Covenants—Breach—Damages—Statute.**

The measure of damages for breach of a covenant of warranty is governed by section 2856, Rev. Laws 1910, which provides: "The detriment caused by the breach of a covenant of seisin, of right to convey, of warranty, or of quiet enjoyment, in a grant of an estate in real property, is deemed to be: First, the price paid to the grantor, or, if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property; second, interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years; and, third, any expenses properly incurred by the covenantee in defending his possession."

**2. Same—Items of Damages.**

Upon breach of a covenant of warranty, it was error to allow and assess as damages the following items: The sum of $3,199.36 and interest thereon from September 1, 1908, amounting in the aggregate to $4,171.88, for improvements placed on the real estate after the plaintiff purchased the same from the defendant and before he was dispossessed; the sum of $600, paid by the plaintiff for insurance upon the property, together with interest thereon; the sum of $165.48, together with interest thereon, allowed for taxes paid by the plaintiff while in possession of the property; the sum of $350, allowed by the court as money necessarily paid out and expended in counsel's fees and other expense in defending his possession; the sum of $2,078. allowed as interest upon the price paid to the grantor for the time during which the grantee derived no benefit from the property.

**3. Same.**

Record examined, and held, not to contain sufficient evidence to support the findings of the trial court as to the amount of damages allowed as interest upon the price paid to the grantor for the time during which the grantee derived no benefit from the property and the expense properly incurred by the covenantee in defending his possession.

Error from Superior Court, Pottawatomie County; Geo. C. Abernathy, Judge.

Action by J. A. Irick against J. W. Rubey. Judgment for plaintiff, and defendant brings error. Remanded, with directions.

B. B. Blakeney and J. H. Maxey, Jr., for plaintiff in error.

H. H. Smith and I. C. Saunders, for defendant in error.

KANE, J. This was an action for damages for the breach of a covenant of warranty, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court. Upon trial to the court there was judgment for the plaintiff in the sum of $11,-837.49, to modify which this proceeding in error was commenced.

The errors assigned upon which counsel for defendant rely for a modification of the judgment rendered relate to the following items allowed by the trial court as damages for the breach of a covenant of warranty:

The sum of $3,199.36 and interest thereon from September 1, 1908, amounting in the aggregate to $4,171.88, for improvements placed on the real estate after the plaintiff purchased the same from the defendant and before he was dispossessed.

The sum of $600 paid by the plaintiff for insurance upon the property, together with interest thereon.

The sum of $165.48, together with interest thereon, allowed for taxes paid by the plaintiff while in possession of the property.

The sum of $350 allowed by the court as money necessarily paid out and expended in counsel's fees and other expense in defending his possession.

The sum of $2,078 allowed as interest upon the price paid to the grantor for the time during which the grantee derived no benefit from the property.

Counsel agree that the measure of damages to which the plaintiff is entitled is fixed by section 2856, Rev. Laws 1910, which provides:

"The detriment caused by the breach of a covenant of seisin, of right to convey, of warranty, or of quiet enjoyment, in a grant of an estate in real property, is deemed to be: First, the price paid to the grantor, or, if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property; second, interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years; and, third, any expenses properly incurred by the covenantee in defending his possession."

Counsel for defendant contend that the allowance of the first three items stated above is not within the scope of the statute, and counsel for plaintiff concede that the $600 allowed for insurance and $165.48 as taxes are not covered by the statute, but contend that the item of $4,171.88 allowed for improvements is sustained by the rule approved in the case of Cecconi v. Rodden et al., 147 Mass. 164, 16 N. E. 749, to the effect that the rule for damages by breach of warranty of title is the value of the estate and improvements at the time of eviction. In view of our statutory rule, which seems to be somewhat different from the rule for damages announced above, we are of the opinion that these items should have been disallowed.

As to the next two items, counsel for defendant concede that the plaintiff is entitled to recover interest upon the purchase price paid the grantor for the time during which the grantee derived no benefit from the property, and any expenses properly incurred by the covenantee in defending his possession, but say that there was not sufficient evidence adduced at the trial to support the finding of the court as to the amount of recovery for these two items. We think counsel are right in this contention. We can find no satisfactory proof in the record as to the precise time during which the grantee derived no benefit from the property or the expense incurred by him in defending his possession.

For the reasons stated, the cause is remanded to the trial court, with directions to disallow the items herein found to be erroneously assessed, and to allow the plaintiff to introduce evidence for the purpose of showing the time during which he derived no benefit from the property by reason of his eviction therefrom, and any expenses properly incurred by him in defending his possession.

All the Justices concur.