## GEORGE v. HODGES et al.

No. 16339—Opinion Filed May 25, 1926.

Rehearing Denied July 6. 1926.

(Syllabus.)

**Appeal and Error—Review—Sufficiency of Evidence.**

Where the evidence reasonably tends to support the verdict of the jury and the judgment of the court based thereon, this court will not reverse the same.

Error from District Court, Beaver County; Arthur G. Sutton, Judge.

Action by J. E. George against W. S. Hodges et al. for damages for breach of covenant of warranty. Judgment for plaintiff in the sum of $1, from which the plaintiff appeals. Affirmed.

Loofbourrow & Loofbourrow and R. E. Dickson, for plaintiff in error.

Stacy Wells, G. W. Sawyer, and John C. King, for defendants in error.

RILEY, J. This is an action for damages for the breach of a covenant of warranty, presented on appeal by plaintiff in error George, plaintiff below, from a judgment of the district court of Beaver county, wherein he recovered a judgment in the sum of $1 against W. S. Hodges, defendant below.

On November 3, 1916, defendant Hodges

and his wife conveyed by warranty deed a tract of land to plaintiff for a consideration, expressed in the deed, of $800, "and other valuable considerations." It is conceded that the title attempted to be conveyed wholly failed. It is contended that "other valuable considerations" contained in the deed was a payment of $600 by plaintiff George to the J. E. George Grocery Company, a corporation of Liberal, Kan., which was made by the entry of a credit on a note the J. E. George Grocery Company owed plaintiff George at a time when George owned a controlling interest in the said company and the defendant Hodges owned considerable stock therein, together with other stockholders. From the record we cannot ascertain the exact amount of stock owned by the defendant at any given time. The credit given on the note was in the sum of $600, on November 7, 1916. The defendant Hodges testified that prior to the transaction relating to the land sale he had sold all of his stock in the grocery company to the plaintiff George. It appears that prior to December 9, 1915, plaintiff and defendant were principal stockholders of the J. E. George Grocery Company, a corporation. The defendant was manager of the corporation. In the collection of an account it became necessary for the corporation to take title to a quarter section of land in Seward county, Kan., from one Felix Jones. By agreement with plaintiff the defendant took title to the land in his own name, holding one-half for himself and one-half for the corporation. Jones had recently quieted title to the land in the district court of Kansas. After the transfer of the title to the defendant another former owner of the land brought suit to set aside the judgment quieting title. This was the suit of Whiteman v. Cornwell. The defendant entered into a contract with one Wyatt to sell the land to him and this contract of sale was recorded early in the year 1916. On December 9, 1915, defendant Hodges sold his interest in the J. E. George Grocery Company to the plaintiff George and removed to Texas. On November 3, 1916, defendant sold the land in question to the plaintiff George, and the plaintiff thereafter won the judgment in the suit of Whiteman v. Cornwell. Wyatt then brought suit against plaintiff George and defendant Hodges, serving the latter by publication notice, and alleged that plaintiff George took title to the lands in controversy with notice of his contract for conveyance of the same. This action was decided in favor of Wyatt and a conveyance was compelled as against plaintiff George. The judgment in

that suit directed that the purchase price of $1,350 less costs be paid by Wyatt to plaintiff George. The net amount so paid was $1,222.14. Thereafter the instant suit was brought by George to recover from defendant Hodges upon his warranty deed of November 3, 1916, a balance of $1,433.18, as damages for breach of the covenant of warranty resulting in the judgment heretofore recited.

On this appeal it is contended that:

(1) The court erred in refusing to direct the jury to render a verdict for the plaintiff.

(2) The verdict is less in amount than the recovery warranted by the evidence.

(3) The court erred in overruling plaintiff's motion for a new trial.

The first and last of these assignments are dependent upon the second, and we shall consider that one alone.

The consideration beneficial to the defendant upon which the conveyance rested was $800. We see no benefit to be derived from the note credit of $600, for, as heretofore recited, the defendant had severed his relationship with the grocery corporation theretofore, and had sold his stock in that corporation to the plaintiff. This item of credit was not shown to have been entered with defendant's knowledge or solicitation. The expense involved in the case of Whiteman v. Cornwell was not a part of the consideration paid to the defendant for the land, as plaintiff testified that as to that suit "he was taking his chances," and therein plaintiff successfully defended his title. In the suit of Wyatt v. Hodges, an expense of $117.86, for costs, was proper, and no doubt the jury considered that and the attorney fees therein involved, and the original $800, purchase price and interest thereon, as off set by the recovery paid by Wyatt to this plaintiff.

Section 5264, Compiled Statutes, 1921, fixes the measure of damages in causes of action arising out of breach of warranty, and this section does not mention taxes as one of the items. See Rubey v. Irick, 63 Okla. 137, 163 Pac. 514.

In measuring the damages the jury may have weighed the interest of plaintiff in the title to the property conveyed, together with the indefiniteness with which the items of expense in defending title were shown.

After a review of the case, we are of the opinion that the judgment of the court is

amply supported by the evidence, and the same is hereby affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT and CLARK, JJ., concur.

Note.—See 4 C. J. p. 853 §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. 96; 5 R. C. L. Supp. 79.