**THOMPSON et al. v. HENSLEY et al.**

No. 17477. Opinion Filed Dec. 6, 1927.

(Syllabus.)

**Appeal and Error—Discretion of Court in Setting Aside Default Judgment After Term.**

An application to set aside a default judgment, filed after the term at which it was rendered, is addressed to the sound legal discretion of the trial court. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused.

Error from District Court, Seminole County; George C. Crump, Judge.

Action by William Mitchell and others against D. W. Jennings, George Crump, Jr., R. D. Howe, W. A. Hensley, M. L. Hensley, and others; Jackson Thompson and others interpleading. Default judgment for plaintiffs and interpleaders set aside, and they bring error. Affirmed.

E. J. Van Court, A. A. Criswell, and Whitaker & Whitaker, for plaintiffs in error.

A. J. Carlton, Claude Hendon, Charles B. Selby, and Max Fagin, for defendants in error.

PHELPS, J. William Mitchell and other full-blood Seminole Indians brought suit in the district court of Seminole county against defendants in error for possession of and

to quiet title to the lands constituting the subject- matter of this litigation, which they allege they inherited from the deceased allottee. It is contended that before answer was filed the attorneys for the respective litigants entered into negotiations and agreed upon a settlement of the litigation, and when the case was reached on the docket, on April 8, 1924, the court was so informed, whereupon the court clerk made the following entry upon his minute book:

"Judgment hereinbefore rendered vacated. Demurrer of F. B. Collins Investment Company withdrawn. Plaintiff files reply. By agreement of parties case set for trial. Evidence heard. Decree for defendant Hensley quieting title."

It appears that it was agreed between the attorneys that the plaintiffs should execute deeds conveying to defendants in error here whatever interest they claimed in the real estate upon payment of a small amount, plus expenses and attorney's fee. Counsel for defendants in error procured the deeds, but, according to his testimony, when the settlement agreement was submitted to his client, Hensley, Hensley refused to approve the settlement and his attorney withdrew from the case and delivered the papers, including the executed deeds, to Hensley. Hensley placed the deeds of record. It is alleged in the pleadings that no judgment was thereafter entered and that the memorandum entry in the clerk's minutes was overlooked and forgotten by both attorneys for plaintiffs and defendants.

With the record in this condition, on March 2, 1925, the case was called for trial and evidence was heard and judgment rendered in favor of plaintiffs for possession of the land, quieting title, and for $300 rentals. Defendants were not present at this trial, but one of the attorneys formerly representing them appeared and cross-examined the witnesses and filed a motion for a new trial, which was overruled. It is claimed, however, that the attorney so appearing had no authority therefor for the reason that he had either withdrawn or had been discharged, and that he appeared at the request of the trial judge.

Defendants in error then filed their petition to set this judgment aside, alleging that the court had no jurisdiction, for the reason that the notation on the clerk's minutes of April 8, 1924, evidenced a judgment of the court which, unappealed from, had become final, and for the further reason that the judgment was entered without notice to defendants in error under such circum-

stances as to constitute "unavoidable casualty," and upon this petition the court, on October 19, 1925, entered its order vacating and setting aside said judgment rendered on March 2, 1925, and in the same order also vacated and set aside the purported judgment of April 8, 1924, and plaintiffs in error prosecute this appeal.

Counsel for the respective parties, in their briefs, argue and cite authorities on a number of contentions made by them, but, as we view it, the real question in the case is whether the district court abused its discretion in setting aside the judgment of March 2, 1925. Under the rule laid down in Bearman v. Bracken, 112 Okla. 237, 240 Pac. 713, we must conclude that the record does not disclose any abuse of discretion.

It is argued by plaintiffs in error that defendants in error in their petition to set aside the judgment did not bring themselves within the purview of the statute entitling them to the relief they prayed for. With this contention we cannot agree. The judgment and order of the trial court vacating the judgment of March 2, 1925, does not recite the grounds upon which it is based, but an examination of the record leads us to the conclusion that it was upon the grounds that defendants in error had no notice that the case was set for trial and that a manifest injustice had been done them in rendering judgment against them without notice.

Mr. Hensley testified that when the purported judgment of April 8, 1924 was rendered he believed the matter closed and that the attorneys appearing for him in that matter no longer represented him. It appears from the record that these attorneys, purely as a matter of friendship and as a personal favor, but not in the capacity of his attorneys, addressed letters to him at both Shawnee and Prague, Okla., notifying him that the case had been set for trial, but Mr. Hensley testified that he received his mail on a rural route at Earlsboro and did not receive these letters and had no notice that the case would be called, thinking it had been finally disposed of, and, as we view it, the state of facts disclosed by the reco d brings defendants in error clearly within subdivision 7 of section 810, C. O. S. 1921, defining the power of district courts to vacate or modify their own judgments, said subdivision reading as fo'lows:

"For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

This view is sustained by this court in McLaughlin v. Nettleton, 69 Okla. 74, 183 Pac. 416. In that case this court had under consideration a question somewhat similar to the one here presented and in the body of the opinion we find the following language:

"* * * We are constrained to believe that, if this judgment should stand, it would have the effect of denying litigants their day in court and arouse an unjust resentment against the approved procedure in our tribunals of justice. It is the policy of the law and courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause, free from technical pitfalls."

It appears that after the judgment of March 2, 1925, was rendered quieting title in plaintiffs they conveyed an interest in the land to one of their attorneys, and he in turn conveyed a interest therein to another attorney who participated in the proceedings, and still another interest was conveyed to Jackson Thompson, one of the plaintiffs in error here. These parties to whom these several interests had been conveyed, without permission of the court, interpleaded in the litigation, resulting in the judgment appealed from in this case, and it is argued by plaintiffs in error that the interest of these interpleaders should be protected. In the light of this record we think that neither will seriously claim to be an innocent purchaser. Two of them were attorneys in the litigation and are charged with notice of what transpired in this litigation. Indeed, it appears to us that the record is in such condition as to put any reasonably prudent person upon inquiry. The notation on the clerk's minutes claimed by defendants in error to evidence the judgment of April 8, 1924, would be sufficient of itself to put them upon inquiry. Whatever their rights may be however, they will have an opportunity to again be heard in the district court.

In this connection we are impelled to observe that, since this was an equitable proceeding before the district court, that court properly vacated and set aside the purported judgment of April 8, 1924. Indeed, the record reflects a state of facts clearly showing that no judgment was ever rendered, notwithstanding the clerk's notation upon the minutes of the court and that Hensley's procuring the deeds from plaintiffs and placing them on record amounted to legal f aud. and while defendants in error insist that this purported judgment may not be attacked collaterally, the trial court attempted. under

the circumstances, to do equity and followed the rule laid down in Bearman v. Bracken, supra, when this court reiterated the policy that every litigant should have a right to be heard upon the merits of his cause, free from technicalities.

.The record now being free of either of the purported judgments, the trial court is at liberty to hear all parties to the action upon the merits of their respective claims upon the pleadings now on file or upon such pleadings as the trial court, in the furtherance of justice, may permit the parties to file. The trial court can then render such judgment as the law and the merits of the claims of the various parties may warrant.

The judgment is, therefore, in all things affirmed.

MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 840, §2825; 34 C. J. pp. 429, 431, §677; 15 R. C. L. p. 730; 3 R. C. L. Supp. p. 490.