## W. W. BENNETT & CO. v. LA FAYETTE et al.

No. 18186.   Opinion Filed Oct. 23, 1928.

Kent V. Gay, for plaintiff in error.

Britton H. Tabor and Warren K. Snyder, for defendants in error.

LEACH, C. This is an appeal by W. W. Bennett & Company from an order and judg-

ment of the district court of McIntosh county, vacating a default judgment in its favor against Ben F. LaFayette and Estelle LaFayette. The facts, as disclosed by the record, are in part as follows:

In 1921, Ben F. LaFayette and Estelle LaFayette, defendants in error here, executed to the Walton Trust Company their first and second mortgages, securing the sums of $3,000 and $315, respectively, upon 190 acres of land in McIntosh county; thereafter, on April 25, 1923, they executed a warranty deed, conveying 100 acres of such land to Bert Lynch, which deed was surrendered and delivered on June 20, 1923, and which did not refer to or except the mortgages previously given to the Walton Trust Company. The other 90 acres of land covered by such mortgage was sold and conveyed to other parties. On the 20th day of February, 1923, Bert Lynch executed and delivered his note to the Conservative Loan & Trust Company for the sum of $3,000, and, as security therefor, executed a mortgage on the land thereafter conveyed to him by LaFayette. The Conservative Loan & Trust Company took and accepted the Lynch note and mortgage for the purpose and with a view of paying off the mortgage previously executed by LaFayette and wife to the Walton Trust Company, and, according to oral testimony, the deed from LaFayette to Lynch was executed and delivered upon the condition that Lynch, the grantee, was to pay and satisfy the previous mortgage on the land. On March 22, 1923, the Conservative Loan & Trust Company submitted the Lynch note and mortgage to W. W. Bennett & Company, and on May 1st sold and assigned the same to them, but failed to pay off the Walton Trust Company's mortgage.

In September, 1924, the Walton Trust Company filed an action to foreclose its second mortgage executed to it by LaFayette, and prayed personal judgment against LaFayette and wife for the sum of $210, together with certain other sums alleged to be due for taxes, abstract of title, interest and attorney's fees; personal service of summons was made upon the defendant Ben F. LaFayette on September 25, 1924, but no service of summons was ever made upon Estelle LaFayette. On November 17, 1924, the Walton Trust Company, as plaintiff, filed application in the action to make other parties, including W. W. Bennett & Company, parties defendant, which motion was allowed, and thereafter, on October 21, 1925, Bennett & Company filed its answer and cross-petition in the cause, setting up in its pleading that it was the owner of the Lynch note and mortgage, which it had acquired as assignee of the Conservative Loan & Trust Company, and prayed personal judgment against Lynch, who was a party defendant in the action, and for foreclosure of its mortgage, and further alleged and set forth the execution of the deed by Ben F. LaFayette and Estelle LaFayette to Lynch, and alleged that by reason of such deed and the mortgage executed by the grantee in that deed, Bert Lynch, to Conservative Loan & Trust Company, the said LaFayette and Lynch warranted their title to the lands described to be free and clear of all liens and incumbrances, and that the Lynch mortgage was a first mortgage, and prayed that in the event the court should find the Walton Trust Company to have a first lien upon the lands, then Bennett & Company have judgment against LaFayette and wife on their warranty for the sum of $3,000. On October 30, 1925, Bennett & Company caused to be delivered to LaFayette and wife the following notice:

"Notice to Defend Warranty.

"You are hereby notified that suit has been brought to foreclose mortgage on the following described lands situate in McIntosh county, state of Oklahoma, namely: (land described), which said lands you warranted free and clear of incumbrances. You are hereby notified to defend said suit filed by the Walton Trust Company and to defend your warranty against said incumbrances.

"Dated this 17th day of October, 1925.

"W. W. Bennett & Company,
"By (Signed) Kent V. Gay,
"Attorney."

On November 9, 1925, judgment was rendered in the action adjudging and decreeing the Walton Trust Company personal judgment against Ben F. LaFayette, for the sum prayed for, and decreeing it, Walton Trust Company, to have a second lien, subject only to its first lien and mortgage, for the sum of $3,000, to secure the amounts adjudged to be due it by Ben F. LaFayette, and ordered a sale of the lands involved. A further judgment was rendered at the same time and date in favor of Bennett & Company, awarding it judgment against Bert Lynch for the sum of $3,000, and decreeing it to have and hold a third mortgage on the land described in the Lynch mortgage to secure the amount found due it. Thereafter, on November 30th, a judgment was rendered in the same action in favor of Bennett & Company, and against Ben F. LaFayette and Estelle LaFayette for the sum of $3,000.

On June 21, 1926, Ben F. and Estelle La-

Fayette filed their petition to vacate the judgment rendered against them in favor of Bennett & Company, alleging as grounds of relief, in substance: That the judgment was had and obtained without proper and legal notice, by irregularity, by fraud, and by reason of unavoidable casualty or misfortune; that they had no knowledge or notice that the judgment had been obtained until June 10, 1926; that the judgment was rendered without notice to them; that they did not know that Bennett & Company had prayed or sought any judgment against them; that the action by the Walton Trust Company only sought judgment for $311.08, interest, attorney's fees, and foreclosure of mortgage; that Bennett & Company were not original parties to the action; that Estelle LaFayette was never served with summons in the action, and never appeared therein. After Ben F. LaFayette was served with summons, he promptly with his attorney examined the petition in the cause, and ascertained the plaintiff did not seek any judgment except as above stated; that he had no defense thereto, made no appearance, and was willing judgment be rendered in favor of the plaintiff as prayed; that long thereafter, without any notice to them, Bennett & Company was made an additional party defendant in the action After Bennett & Company served the notice, a copy of which is set forth herein, petitioners employed an attorney on November 13th, which attorney ascertained that a trial had been had on the foreclosure suit, and judgment rendered on November 9th. The attorney was unable to locate the files in the case, the same having been taken from the clerk's office by opposing counsel; that he inquired of the court clerk and ascertained that judgment had been entered in favor of the plaintiff, and that no judgment had been rendered in favor of Bennett & Company against petitioners, and no order made continuing the cause for hearing on any other matters; that petitioners by their attorney came to the conclusion Bennett & Company, if it had any claim, would file a suit therefor after the sale of the lands covered by said foreclosure judgment. They obtained a copy of the journal entry of judgment rendered on November 9th, and found that no judgment was rendered in favor of Bennett & Company as against them, and no record or order was made that the trial was continued for any other purpose. Thereafter Bennett & Company in the same action obtained a judgment against petitioners in the sum of $3,000 with interest from February, 1923; that the same was fraudulently and wrongfully obtained and is excessive; that Bennett & Company perpetrated a fraud upon the petitioners and the court in obtaining such judgment; that the company consented to the trial of the cause on November 9th prior to expiration of 20 days' notice, and thereby misled petitioners when they examined the minutes of said judgment to believe that said matters had been adjudicated by said judgment, and by further fraud in taking the latter judgment without giving them or their attorney any notice whatsoever; that attorney for petitioner addressed and mailed a letter to the attorney for Bennett & Company, asking if the company claimed anything from the LaFayettes, and to advise him, which attorney fraudulently failed to reply, but within four days thereafter obtained the judgment sought to be vacated by misrepresenting to the court that LaFayette had notice of his application for the judgment, and that petitioners did not intend to defend; that the claims of Bennett & Company against petitioners are without merit, invalid, and petitioners have a valid defense thereto; that the attorney for Bennett & Company falsely represented to the court that judgment had been rendered for $3,000 on a mortgage against petitioners, which was not a fact: that the only judgment previously rendered against petitioners was for the sum of $371 and attorney's fees, which judgment has been fully paid and satisfied.

Petitioners allege they have a valid defense to the claim of Bennett & Company, and deny said company is entitled to any judgment against defendants for breach of warranty of title. That petitioners sold the land to Bert Lynch on April 25, 1923, but deny they were to pay off any prior mortgage thereon; that Bert Lynch made application to the Conservative Loan & Trust Company for a mortgage on the lands for the purpose of paying off the indebtedness of $3,000 claimed by the Walton Trust Company; that such facts were well known to the Loan & Trust Company and its officers, and they agreed to so do; that Bennett & Company had actual notice of the purpose of the mortgage executed by Lynch; that Bennett was an officer, employee and stockholder of the Conservative Loan & Trust Company; that if Bennett & Company advanced $3,000, as alleged, it furnished the same to the Loan & Trust Company as its agent for the benefit of Lynch to pay off the previous mortgage, and constituted the Loan & Trust Company its agent for that purpose; that by reason of the facts Bennett & Company should be estopped from claiming anything against petitioners.

To the petition to vacate, Bennett & Com-

pany filed its answer in the nature of a general denial.

Upon trial of the cause, the court made findings of fact and the following conclusions of law:

"The court therefore finds that the allegations of the petition have been sustained; that the judgment was obtained irregularly and by reason of unavoidable casualty and misfortune on the part of the petitioner in not defending; and that while there was no intentional fraud, there was a constructive fraud on the defendants. Therefore, the judgment is set aside"

—and entered judgment accordingly, including therein the finding that petitioners had and have a valid defense. Upon denial of motion for new trial, Bennett & Company bring the cause here for review, and set up in their petition in error several grounds for reversal, which may be considered under the general proposition that the judgment vacating the former judgment is contrary to the law and evidence.

Section 810, C. O. S. 1921, provides that the district court shall have power to vacate its judgments at or after the term at which such judgment was made, upon certain grounds, the third, fourth and seventh being:

"3. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order.

"4. For fraud, practiced by the successful party, in obtaining the judgment or order."

"7. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

Attorney for plaintiff in error in his brief first argues the question of fraud, and says defendants in error failed to allege and prove any fraud practiced upon them in securing the judgment sought to be set aside. While there is some allegation of actual, intentional fraud or misrepresentation in the petition to vacate, we do not find where the allegation is sustained by the evidence. The trial judge in stating his findings of fact spoke very highly of the attorneys representing the parties and of their conduct as practitioners in his court, and found a state of facts which he concluded constituted constructive fraud. If the vacation of the judgment rested alone upon the allegation of fraud and the proof in support thereof, the same would be insufficient.

The trial judge also concluded, as a matter of law, that the judgment was obtained by irregularity, but does not indicate in his findings just what specific part of the evidence or record disclosed such irregularity, but apparently such conclusion is based upon the entire proceeding leading up to and including the judgment sought to be vacated.

In the case of Nation v. Savely, 127 Okla. 117, 260 Pac. 32, it was said:

"The term 'irregularity in obtaining a judgment,' has no fixed legal meaning. In every instance the question is one of fact, dependent upon the circumstances of each case. It logically follows that the application of this provision of the statute is addressed to the sound legal discretion of the court, to be exercised in furtherance of justice, on the particular facts of the case. It will be observed that we use the expression 'sound legal discretion,' which negatives arbitrary action or unsound exercise of discretion. In other words, it is an abuse of discretion or reversible error to vacate a judgment where the moving party shows no recognized legal ground therefor."

"An 'irregularity,' within the meaning of subdivision 3 of section 5267, Rev. Laws 1910, is some departure from the prescribed procedure in the trial, or in the determination of the action, not evidenced by a ruling or an order." Hatfield v. Hatfield, 59 Okla. 132, 158 Pac. 942.

Plaintiff in error says the record and evidence does not show any facts sufficient to warrant the vacation of the judgment upon the ground of unavoidable casualty or misfortune preventing the party from defending, but that the record clearly indicates carelessness and negligence on the part of attorney for defendants. Our attention is called to the cases of Wagner v. Lucas. 79 Okla. 231, 193 Pac. 421, and Vincent v. Kelly, 121 Okla. 302, 249 Pac. 942, wherein it was held that an attorney's negligence would not be a ground of relief under subdivision 7, section 810, supra. On the other hand, defendants in error call attention to and rely upon the following cases as sustaining the action of the district court in the instant case: Bearman v. Bracken, 112 Okla. 237, 240 Pac. 713; Hale, Trustee, et al. v. McIntosh et al.. 116 Okla. 40, 243 Pac. 157; Boaz v. Martin, 101 Okla. 243, 225 Pac. 517; Shuler v. Viger et al., 103 Okla. 129, 229 Pac. 280.; Anderson v. Graham, 87 Okla. 278, 210 Pac. 281.; McLaughlin v. Nettleton, 69 Okla. 74 183 Pac. 416: Carter v. Grimmett. 89 Okla. 37. 213 Pac. 732. See. also. Thompson v. Hensley, 128 Okla. 139. 261 Pac. 931. The latter cases, under the particular facts in each, lay down a somewhat modified rule or exceptions thereto from that in the cases cited by plaintiff in error.

The status of the petitioners in the instant case should not, as we view it, be entirely, if at all, chargeable to the negligence of their attorney. The trial judge in his findings of fact, referring to the counsel employed by the defendants LaFayette, stated he had always found such attorney very diligent in, looking after his business.

Under the holding in the case of Littlefield v. Brown, 68 Okla. 144, 172 Pac. 643; Rice v. Bontjes, 121 Okla. 292, 250 Pac. 89; Harmon v. Nofire, 131 Okla. 1, 267 Pac. 650, a defendant or party personally served with summons or notice to defend warranty is in court for all purposes properly and, legally arising in such suit, and must take notice of new parties to the action and of proper cross-claims.

Without deciding whether the claim of Bennett & Company against the LaFayettes was valid or maintainable in such suit, under the entire facts and circumstances shown, this action being an equitable one, we conclude the rule enunciated in the Littlefield v. Brown Case, supra, and others cited by plaintiff in error do not prevent the court from vacating the judgment, since the law and equity seem to justify and warrant such action.

The court, in the case of Bearman v. Bracken, supra, in the opinion stated:

"We understand the rule generally adhered to by the authorities to be that an application to vacate or modify a judgment is addressed to the sound legal discretion of the court, and will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. Poff v. Lockridge, 22 Okla. 462, 98 Pac. 427. The authorities also recognize, we think, the difficulty in laying down a general rule to be adhered to in all cases respecting the discretion so to be exercised by the court in setting aside, or in refusing to set aside, default judgments. It may be stated, however, that such discretion should always be exercised so as to promote the ends of justice, and that a much stronger showing of abuse of discretion must be shown where the judgment has been set aside than where it has been refused. Poff v. Lockridge, supra."

As we view it, the record in this cause is sufficient to sustain the holding of the trial court that defendants in error came within the provisions of subdivision 7 of section 810, C. O. S. 1921.

Plaintiff in error, as further grounds for reversal contends the defense alleged was insufficient to establish any valid and meritorious defense as required under the provisions of action 814, C. O. S. 1921. Holt v. Spicer, 67 Okla. 60, 166 Pac. 149; Harn v. Amazon Fire Ins. Co., 66 Okla. 99, 167 Pac. 473.

The trial judge concluded that Bennett & Company had waived its claim against the LaFayettes by proceeding to trial and participating in the judgment on November 9th, at a date prior to the expiration of 20 days from the date of service of notice to defend the warranty. Such conclusion was justified under the theory on which the matter was presented to the trial court, but is erroneous as to the defendant B. F. LaFayette, under the argument and decisions now presented on appeal. At the trial and hearing on the petition to vacate, it appears plaintiff in error relied upon its notice to the LaFayettes to defend warranty as a basis and ground for sustaining its judgment, but now it says if the notice to defend warranty was not sufficient, then such notice was not required, and relies upon the holding in the case of Rennie v. Gibson, 75 Okla. 282, 183 Pac. 483, wherein it was held:

"Under section 1166, Rev. Laws, 1910, where an action is brought against a grantee to recover real estate conveyed to him by a warranty deed, and the grantor is made a party to the action, and is duly served with summons therein, the grantee is relieved of the necessity of giving the grantor written notice that such action has been brought."

Under such authority, if the defendant Ben F. LaFayette be liable to Bennett & Company under his warranty deed to Lynch, and the cross-action or claim of Bennett & Company against LaFayette be a proper one, and maintainable in the action, and came within the provisions of the section of statute referred to in the Rennie v. Gibson Case, no notice was required to be served upon LaFayette in order to obtain the judgment against him. As to Estelle LaFayette, it appears she was never served with summons in the action and never appeared in the cause until she filed her petition to vacate the judgment, and therefore the rule announced in Rennie v. Gibson, supra, would be inapplicable to her. Assuming, without deciding, that the form of the notice given her was sufficient, as required by section 5263. C. O. S. 1921, the notice was not served within the required time, no cause or excuse showing it was impossible to make service of such notice as required by the statute. The notice is dated October 17th, but was not served until October 30th, and the judg-

ment of November 9th was rendered less than 20 days from the date of service of the notice.

The judgment awarded Bennett & Company on November 30th against LaFayette provides for interest thereon from February 20, 1923, which date was the same as that in the Lynch mortgage assigned to Bennett & Company. Even if it should be conceded that Bennett & Company was entitled to recover, it would not be entitled to recover interest from February 20, 1923, because the deed from LaFayette and wife to Lynch was not executed until April 25, 1923.

Defendants in error in their brief call attention to the provisions of sections 5263-5264, C. O. S. 1921, and contend that under the record and facts shown, Bennett & Company are not entitled to any relief or recovery under or by virtue of such sections. Such contention is not supplemented or supported by any citation of authorities on the question. We do not here and now deem it necessary to pass upon the question, since it is not briefed, nor was it apparently presented or urged at the trial of the cause. We do say, however, that we have considerable doubt as to the right of plaintiff in error to recover under the provision of sections 5263-64, C. O. S. 1921, on warranty against the grantee in a deed executed to another party, who was the mortgagor in the mortgage assigned to Bennett & Company, and of the right of Bennett & Company to maintain or set up its cross-action in this suit. See Tracey v. Crepin, 40 Okla. 297, 138 Pac. 142; George v. Hodges, 121 Okla. 117, 247 Pac. 1107.

Other questions and grounds of defense are suggested in the brief of defendants in error, such as the fact that no action has been taken to enforce the first mortgage in favor of Walton Trust Company; that the judgment awarded on their second mortgage has been satisfied by application of rents on lands involved.

Plaintiff in error also challenges the finding of trial court that the Conservative Loan & Trust Company was the agent of Bennett & Company to complete Lynch loan, and the sufficiency of such finding as a defense. Aside from such defenses, we conclude there are others shown in the record sufficient to sustain the action of the trial court in vacating its judgment. All such matters of defense may and likely will be duly and regularly presented upon the further consideration of the cause before the district court. The question here is to determine whether the judgment vacating the former judgment should be sustained, and it is not necessary to pass upon and finally determine the proposed or suggested issues that may arise in the further hearing of the cause in the district court.

Under the record, we find there was sufficient allegations and facts shown to justify the trial court in saying that the petitioners, LaFayette, had a valid defense, even though erroneous reasons may have been assigned, in part, for such holding. Board of Equalization of Oklahoma Co. v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115.

In the body of the opinion, in the case of Nation v. Savely, supra, it is said:

"In its last analysis, an application to vacate a judgment or order, when such application is made after the expiration of the term at which it was rendered, is in the nature of an appeal addressed to the equitable powers of the court, and so far as the same does not conflict with some positive law, is to be disposed of upon equitable principles so as to do justice to all persons or parties concerned. Therefore, the discretion exercised, or action of the trial court in these matters, is subject to review by this court upon the same rules which govern the review of purely equitable actions."

Likewise, in the case of Thompson v. Hensley, supra, it is said:

"An application to set aside a default judgment, filed after the term at which it was rendered, is addressed to the sound legal discretion of the trial court. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused".

From an examination of the entire record in this cause we conclude and hold that the same is sufficient to sustain the action of the trial court in vacating the judgment; that substantial justice will be done by the granting of a new trial, wherein the merit of the claims of the respective parties may each be duly presented and considered.

Judgment of the trial court vacating its former judgment is affirmed.

BENNETT, REID, FOSTER, and HERR, Commissioners, concur.

By the Court: It is so ordered.