## LOTT v. KANSAS OSAGE GAS CO.

No. 18409.   Opinion Filed Sept. 24, 1929.

Hamilton, Gross & Howard, for plaintiff in error.

William H. Zwick, for defendant in error.

SWINDALL, J.   On December 17, 1925, Thomas Lott commenced an action in the district court of Osage county, Okla., against the Kansas Osage Gas Company to recover the sum of $4,800 which he claims is due him from the Kansas Osage Gas Company as successor to the Kay County Gas Company, under oral contract of employment entered into about the 20th day of December, 1921.

The parties hold the same position in this court as in the trial court, and will be here referred to as plaintiff and defendant.

Upon the commencement of said action, a summons was issued, which was returned not served, and an alias summons issued and personally served upon the treasurer of the defendant company. The answer day fixed was February 13, 1926. On February 10, 1926, motion to make more specific, definite, and certain was filed by defendant, and was considered and overruled by the court on March 1, 1926, and defendant granted ten days to further plead.

On March 11, 1926, a demurrer was filed by the defendant. The motion and demurrer were each signed by C. W. King and H. E. Oakes, as attorneys for defendant.

Thereafter, and prior to September 1, 1926, Wm. H. Zwick was employed as general counsel for defendant, and on September 1, 1926, he wrote and mailed to Leahy, McDonald & Files, attorneys at Pawhuska, Okla., a letter referring to this and another case pending in the district court of Osage county, in which he states he is advised that the law firm of Leahy, McDonald & Files are local counsel for the Marland Refining Company and its associate companies in legal matters pending at Pawhuska, and that in a court docket for the fall term of 1926 he finds the case of Lott v. Kansas Osage Gas Company is on motion and demurrer docket for September 7th, and according to office files is pending upon defendant's demurrer to plaintiff's petition. He also states that the action appears to be one for work and labor in the amount of $4,800, and further states that if the demurrer is overruled, "will you kindly obtain leave of the court to file our answer?" He also requests said firm to advise him by return mail whether or not they will be present and represent him in the matters mentioned on the 7th of September.

On September 3, 1926, Leahy, McDonald & Files, by F. W. Files, replied to Mr. Zwick as follows:

"We have your letter of September 1, relative to the above cases (referring to Thomas Lott v. Kansas Osage Gas Company, and the other case mentioned in Mr. Zwick's letter). You are advised that our practice heretofore has been to look after motions and demurrers when they are assigned in our district court in which the Marland Refining Company is interested. We also notify the company when any of the cases are set for trial, and as to the ruling of the

court on motions and demurrers in such cases.

"We will be glad to attend to the matters which are set for September 7th, and to advise you of the ruling of the court. Very respectfully, Leahy, McDonald & Files, by F. W. Files."

On September 7th, when no attorney was present representing defendant, this demurrer was called up and by the court overruled, and defendant given 20 days to file an answer. Thereafter, on October 11, 1926, the defendant being in default of an answer, plaintiff offered his proof and judgment was rendered in favor of the plaintiff and against the defendant for the sum of $2,400.

Thereafter, on January 17, 1927, a verified petition was filed by the defendant to vacate the judgment, in which petition the defendant sets forth a copy of the correspondence between Mr. Zwick and the law firm of Leahy, McDonald & Files in September, 1926, and further pleads that the defendant did not have any notice or knowledge that it was in default of an answer in said cause until the 5th day of January, 1927, when Mr. Zwick was so advised by a letter from Grinstead, Scott, Hamilton & Cross, attorneys of Pawhuska and counsel of record for Thomas Lott, plaintiff, advising him that judgment was rendered in favor of the plaintiff and against defendant in the original action of October 11, 1926, for the sum of $2,400, with interest from that date at 6 per cent. per annum, and further alleges that it has a legal and valid defense, tenders an answer as Exhibit "C" to plaintiff's petition, and offers to confess judgment for, or pay all costs incurred by reason of said proceedings to that date.

The answer tendered consists of general denial and a further specific denial that it employed plaintiff on or about December 20, 1921, as alleged in plaintiff's petition, and specifically denies that it at any time thereafter employed the plaintiff to perform any services in its behalf, and specifically denies that the plaintiff at any time, as alleged in his petition, performed any services for or on behalf of said defendant.

Upon this petition to vacate the judgment, summons was issued and served upon the plaintiff, and plaintiff appeared and filed a demurrer to the petition of the defendant, and the court withheld its ruling on the demurrer until evidence was offered on February 17, 1927, when the case was called, at which time Mr. Zwick, as counsel for defendant, made the announcement that in the event the court should see fit to vacate judgment taken in this matter, counsel representing defendant stated in open court that the matter may be reassigned for hearing and trial before a jury if counsel for plaintiff and the plaintiff desires a jury, or be tried before the court if they waive a jury; that upon the rendition of the verdict, on judgment of the court finding that the defendant is liable in any amount, said judgment will be paid instantly to the court clerk of this court. "In the event counsel for plaintiff desires time to take their depositions, we agree that they may have said time as in their judgment is requisite, or in the event they cannot take their depositions, that if counsel will have his client make an affidavit stating the contents of their testimony and that in his belief said testimony is true, we admit that these affidavits may be considered by the court and jury as evidence in this case, with the same force and effect as if these witnesses were placed under oath."

The defendant then offered as a witness, Mr. F. W. Files, a member of the law firm of Leahy, McDonald & Files, who testified that he was a member of that firm on September 3, 1926, and that he received the letter from Mr. Zwick and answered the same on September 3rd, and that it was the custom of Mr. McDonald to appear for their firm in motions and demurrers, and that Mr. McDonald was away at that time on his vacation and that he placed the letter on Mr. McDonald's desk, and that Mr. McDonald returned before the date of hearing motions and demurrers. Mr. McDonald testified that he never saw the letter, and that afterwards, when his attention was called to the fact that such a letter had been written, he searched the records in his office and was unable to find the same.

After hearing the evidence, the trial court entered an order granting the prayer of the petition to vacate the judgment, and announced it was done on purely equitable grounds. The plaintiff excepted to the findings and judgment of the court, filed and presented a motion for new trial, which was overruled, and brings the case here to review the judgment of the trial court.

The action is brought under subdivision 7 of section 810, Compiled Oklahoma Statutes 1921, whch provides:

"That the district court shall have power to vacate or modify its own judgment or orders, at or after the term at which such judgment or order was made; * * *

"7th. For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

The trial court announced that the court was granting the prayer of defendant's petition on purely equitable grounds. This court has held that a proceeding under section 810, C. O. S. 1921, to vacate a default judgment for unavoidable casualty preventing a defense is an equitable action. McLaughlin v. Nettleton, 69 Okla. 74, 183 Pac. 416.

If the trial court found the defendant's petition stated a cause of action and the evidence sustained the allegations, then equitable grounds were the only grounds upon which the court could have sustained the same.

The court has repeatedly held that an attorney must keep advised of proceedings in any case, and that neglect of an attorney in failing to appear and defend is not unavoidable casualty or misfortune, under the section above quoted. However, it appears that the real issue to be determined by the trial court in the first instance is whether or not the failure of the attorney to appear and prosecute or defend an action amounts to negligence. Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances, or doing what such a person would not have done. C., R. I. & P. Ry. Co. v. Watson, 36 Okla. 1, 127 Pac. 693. It was for the trial court to determine whether or not, under the facts in this particular case, counsel for the defendant was guilty of negligence. By its finding, the trial court found and held that the negligence, if any, of the counsel for defendant was not such as to justify the court in refusing the relief prayed. In our opinion, in most, if not in all, instances the trial court is in the best position to determine the issue in regard to whether or not a new trial should be granted under circumstances such as are involved in this and most other actions, and this court will not reverse the action of a trial court as amounting to abuse of judicial discretion unless the discretion be exercised to an end or purpose not justified by, and clearly against reason and evidence. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused. Thompson v. Hensley, 128 Okla. 139, 261 Pac. 931.

In Thompson v. Hensley, supra, this court said:

"An application to set aside a default judgment, filed after the term at which it was entered, is addressed to the sound legal discretion of the trial court. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused."

This court, in W. W. Bennett & Co. v. La Fayette, 133 Okla. 223, 271 Pac. 248, held the same as in the Thompson v. Hensley Case.

In Lovejoy v. Stutsman, 46 Okla. 122, 148 Pac. 175, this court said:

"It is the policy of the law to have every litigated case tried on its merits, and default judgments are viewed with disfavor."

And also that:

"An order of a trial court granting a new trial will not be reversed unless it can be seen beyond all reasonable doubt that it has manifestly and materially erred with respect to some pure, simple, and unmixed question of law."

Numerous other authorities might be cited showing the holding of this court in other cases, but, as stated before, it appears that each case is largely dependent upon the facts in the particular case, and, while we do not desire to approve a course of conduct on the part of attorneys practicing in the several courts of this state that will tend to encourage delay in pleading or approve any negligence on the part of counsel in prosecuting or defending actions, as each attorney owes the duty to his client to faithfully, energetically, and zealously defend the rights of his client, and to use the highest degree of care in seeing that the rights of his client are protected, and also in seeing that litigation is brought to a speedy determination, and had the trial court in this case found against the defendant, we do not feel we would have been justified in disturbing the findings of that court under the showing made. However, the record in this case does show that at the time of commencing this suit the defendant was represented by different counsel, and it is probable that if the name of Leahy, McDonald & Files had been entered as counsel for defendant at the time the demurrer was filed in this case, a default would never have been entered, but we cannot say as a matter of law that either Mr. Zwick or the law firm of Leahy, McDonald & Files was guilty of negligence in failing to appear at the time the demurrer was set for hearing.

It appears to us that writing the letter of September 1st, by Mr. Zwick to the firm of Leahy, McDonald & Files, was what a

reasonable and prudent person would have done under the circumstances, and that their answer was prompt as could be expected of a reasonable and prudent firm, and where it was the custom of the office of Leahy, McDonald & Files for Mr. McDonald to look after such matters, the fact that the letter was accidentally misplaced and never reached him does not, in our opinion, charge them with negligence in failing to appear and represent the defendant in the original action.

While, of course, notice to one member of the firm was notice to all the members, yet we know that in the legal profession all members of a firm do not go to the court room on motion and demurrer day, and where a member of a firm looks after a certain line of the firm's business and another member of the firm receives a letter relating to that particular line of business and places the same on his partner's desk and it is accidentally lost or misplaced and the member of the firm for whom it was intended never in fact receives the same, should we say, as a matter of law that the attorneys were guilty of negligence, or hold with the trial court that under the circumstances it was a question of fact for the trial court to determine as to whether or not there was such negligence on the part of the attorneys mentioned as to preclude defendant from having a hearing upon the merits of said action?

The course of conduct of this firm not being such that we could say that all reasonable and prudent persons would agree that their failure to appear in the case amounted to negligence, we cannot say that the trial court abused its discretion in granting the petition for a new trial in this action.

A number of courts of last resort have not gone to the extent that this court has in holding that an attorney was guilty of negligence in failing to appear and prosecute or defend an action in which he is employed. However, we do not desire to adopt a new rule in this jurisdiction, but feel that under the circumstances in this particular case, where the letter of Mr. Zwick never did reach Mr. McDonald, the same rule should not apply as in cases where an attorney's name has been entered as counsel for a litigant by him or with his knowledge and he fails to appear, without making proper showing excusing his failure so to do.

We feel that to go to the extent of reversing the trial court in granting the peti-

tion for new trial might establish a precedent that would result in a greater injustice to litigants in this state than to refuse to reverse the court on the ground of abuse of judicial discretion.

We, therefore, hold that the action of the trial court in granting the petition was not a discretion exercised to an end or purpose not justified by law and clearly against reason and evidence. Hence, the judgment of the trial court in granting the petition for rehearing is in all things affirmed.

MASON, C. J., and HUNT, RILEY, HEFNER, and CULLISON, JJ., concur.

LESTER, V. C. J., concurs in the conclusion.

CLARK, J., dissents.

ANDREWS, J., absent.

Note.—See (1) 15 R. C. L. 668; 3 R. C. L. Supp. p. 483; 6 R. C. L. Supp. p. 927. See "Appeal and Error," 4 C. J. §2825, p. 840, n. 34. "Judgments," 34 C. J. §677, p. 430, n. 85; p. 431, n. 99.