## PRODUCERS' SUPPLY CO. v. RENDER.

No. 11621—Opinion Filed July 24, 1923.

Rehearing Denied September 18, 1923.

Second Rehearing Denied October 9, 1923.

(Syllabus.)

1. **Appeal and Error—Review—Findings of Court.**

Where a case is tried by the court without a jury special findings of fact are made based upon oral testimony, such findings are conclusive upon this court upon any disputed and doubtful questions of fact.

Record examined, and held, that the judgment of the trial court is amply supported by the evidence.

2. **Estoppel—Essential Element.**

An essential element of estoppel is that the party invoking it must have been misled to his injury by the wrongful conduct of the party against whom it is invoked.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by S. P. Render against the Producers' Supply Company, a corporation, for conversion of a carload of pipe. Judgment for the plaintiff for $1,835, with interest, and defendant brings error. Affirmed.

Horace Speed and Sam H. Crossland, for plaintiff in error.

Lydick & Wilson, for defendant in error.

KENNAMER, J. This action was commenced in the district court of Tulsa county, Okla., by S. P. Render against Producers' Supply Company, a corporation, to recover damages for the alleged conversion of a carload of iron pipe. A jury was waived and the case was tried by the court on the 19th day of May, 1920, and judgment rendered in favor of Render against the Producers' Supply Company for $1,835, with interest at six per cent. from date of judgment.

Producers' Supply Company filed motion for new trial, which was by the court overruled, and said company prosecutes this appeal to reverse the judgment therein rendered.

Upon a careful examination of the record and the briefs filed by counsel for the respective parties, it is our conclusion that the appeal is without merit. The material issue of fact involved in the case was whether or not on the date of an alleged execution sale, on an execution issued out of a justice of the peace court of the city of Stillwater, the title to the property in controversy was in the Stillwater-Pawnee Gas Company, a corporation, which had been organized by S. P. Render, O. A. Brewer, and Fred S. Liscom, as incorporators, or in S. P. Render individually.

The trial court, upon the evidence introduced in the trial of the cause, found this issue in favor of the plaintiff. The defendant, Producers' Supply Company, acquired the possession and its alleged title to the pipe by virtue of this sale.

This court has repeatedly held that, where a case is tried by the court without a jury and special findings of fact are made and based upon oral testimony, such findings are conclusive upon this court upon any disputed and doubtful questions of fact. Seward v. Casler et al., 24 Okla. 275, 103 Pac.

740; McCann v. McCann, 24 Okla. 264, 103 Pac. 694.

This court has invariably held that a general finding of fact by the court will be given the same weight as a verdict of the jury. J. I. Case Threshing Machine Co. v. Lyons & Co., 40 Okla. 356, 138 Pac. 167; City of Chickasha v. Looney, 36 Okla. 155, 128 Pac. 136.

The Producers' Supply Company insists that the plaintiff, by reason of his conduct in permitting third parties to exercise control and dominion, or apparent ownership, over the pipe, is estopped to assert his claim to the same. This question was decided adversely to the defendant by the trial court, and from the evidence found in the record we find no good reason for disturbing the judgment upon this ground. The evidence fails to disclose any acts, silence, or conduct on the part of Render that in any way misled the defendant to its injury. An essential element of estoppel is that the party invoking it must have been misled to his injury by the wrongful conduct of the party against whom it is invoked.

Counsel for the plaintiff in error have urged numerous errors based upon acts of the court in the matter of procedure at the trial, but we have carefully examined the same, and deem it sufficient to state that if any error was committed in this respect, the same was harmless. Upon a consideration of the whole record, we are fully convinced that the judgment of the trial court is the only just judgment that could have been rendered in the case, and the same is in all respects affirmed.

JOHNSON, C. J., and KANE, NICHOLSON, COCHRAN, BRANSON, and MASON, JJ., concur.