**BEARMAN et al. v. BRACKEN et al.**

No. 15807—Opinion Filed Oct. 20, 1925.

### 1. Partnership—Partnership Liability—Erroneous Judgment Against Partner.

In a suit based on a claim of partnership liability it is error to render an individual judgment against one member. In such case judgment should be rendered against the firm, and such judgment enforced against the partnership, and the individual property of the members in case of the partnership property is exhausted before the judgment is satisfied in full.

### 2. Appeal and Error—Judgment—Discretion in Vacating Default.

An application to set aside a default judgment, filed after the term at which it was rendered, is addressed to the sound legal discretion of the trial court. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused.

### 3. Judgment—Vacation of Default Judgment Against Defendant not Defending Through Misapprehension.

Where, in an action to set aside a default judgment, it is evident that the defendant was prevented from employing his own attorneys by reason of unavoidable misapprehension as to the conduct of a third party, who had engaged to employ, and did employ, attorneys to represent such defendant at the trial, in withdrawing from the case, and such attorneys did not thereafter appear for the defendant, and the conduct of such attorneys in failing to appear is not to be imputed to the defendant, and a default judgment is taken against the defendant in his absence and without his knowledge, the default judgment will be set aside.

### 4. Same—Right of Party to Be Heard.

It is the policy of the law, and of the courts of Oklahoma, to allow each litigant the right to be heard upon the merits of his cause free from technical pitfalls.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Creek County, Bristow Division; J. Harvey Smith, Judge.

Action by Dan R. Bracken against J. A. Bearman, Mose Jankowsky, and the Independent Oil & Gas Company. Judgment by default against Bearman and Jankowsky, and petition of the latter to set aside default denied, and he brings error. Reversed.

Hullette F. Aby, Frank Settle, and William F. Tucker, for plaintiffs in error.

Cheatham & Beaver, for defendants in error.

Opinion by FOSTER, C. In this case the defendant in error Dan R. Bracken obtained a judgment by default against Moses Jankowsky, one of the plaintiffs in error, in the superior court of Creek county on the 11th day of November, 1923, in an action wherein defendant in error Bracken sought to recover judgment against J. A. Bearman, Mose Jankowsky, and Independent Oil & Gas Company, a corporation, for the sum of $12,470, alleged to be due the defendant in error upon a contract for the drilling of an oil well, and for the foreclosure of a mechanic's and laborer's lien against an oil and gas leasehold on certain lands located in Creek county, in which Bearman, Jankowsky, and the Independent Oil & Gas Company, a corporation, were alleged to be cotenants.

The defendant in error Bracken filed his petition on the 3rd day of July, 1923. An original summons was filed on July 10, 1923, showing service thereof on Bearman and Jankowsky on July 6, 1923. On July 17, 1923, summons was filed showing service on the Independent Oil & Gas Company, but a motion to quash the service as to the Independent Oil & Gas Company was sustained by the court, and an alias summons was thereafter issued and later filed, showing proper service to have been made on the Independent Oil & Gas Company on September 11, 1923.

On August 6, 1923, Bearman and Jankowsky, through their attorneys, Rogers & Jones, filed a general demurrer to the petition, which was overruled on the 7th day of September, 1923, and time extended in which to file answer.

The Independent Oil & Gas Company filed its answer on October 9, 1923. Thereafter, on November 19, 1923, a default judgment was taken by the defendant in error Bracken against Bearman and Jankowsky for the sum of $12,470, interest thereon from April 19, 1923, and an attorneys' fee of $250, and costs of suit, and ordering his lien foreclosed against the oil and gas leasehold described in his petition, and that the same together with all property consisting of derricks, rigs, tools, pipe, and other equipment be sold to satisfy said judgment.

The cause was continued, as to the Independent Oil & Gas Company, until the following term of court.

Pending the return of execution issued on

said judgment, on the 19th day of January, 1924, the judgment was, on March 10, 1924, assigned to L. R. Sullivan, who, with Dan R. Bracken, appears in the record as a defendant in error. On April 2, 1924, plaintiff in error Jankowsky filed his petition to vacate and set aside the default judgment rendered against him on November 11, 1923, in favor of defendants in error, alleging that said judgment was obtained by fraud of the successful party, and alleged unavoidable casualty and misfortune by which he was prevented from appearing at trial and prosecuting his defense.

After a hearing, which was concluded on May 5, 1924, the trial court entered judgment denying and overruling the petition of the plaintiff in error to vacate said default judgment. Exceptions were reserved to the judgment thus rendered by the trial court, and the plaintiff in error Jankowsky appeals to this court for review.

The facts, as disclosed by the record in this case, present some rather unusual features. It appears that plaintiff in error Jankowsky owned a thirty-second interest in an oil and gas lease covering land in Creek county. The Independent Oil & Gas Company owned a one-fourth interest therein and J. A. Bearman owned the remainder. Bearman, without his cotenants joining therein, made a contract with the defendant in error Bracken, whereby Bracken agreed to drill a well on said lease to a depth of 3,800 feet, unless discontinued at a lesser depth, for the sum of $3 per linear foot. It seems that Bracken completed this well as per contract, and after receiving and crediting Bearman with the sum of $2,-000, paid by him on the contract price, subsequently entered suit for the balance against Bearman and his cotenants for the entire sum remaining unpaid, alleging that they were jointly and severally liable therefor in that they were jointly interested in the drilling of said well, and all of them acted together through their agent, Bearman, in the execution of said contract. Bracken also in this action sought the foreclosure of a mechanic's and laborer's lien against the leasehold, attaching to his petition a copy of the lien statement theretofore filed by him. A personal judgment by default went against plaintiff in error Jankowsky for the entire contract price in the sum of $12,470, interest and attorneys' fees.

It is objected that plaintiff in error has not incorporated in his petition to vacate, anything to show that he has a valid defense to the original action in that the answer, which he attached thereto, is in effect only a general denial. With this objection we cannot agree. The answer attached by plaintiff in error to his petition to vacate, while in the nature of a denial of the matters set forth in the original petition, nevertheless, amplifies this denial sufficiently to disclose a meritorious defense as distinguished from a mere formal denial. It disclosed that plaintiff in error Jankowsky was not interested in the well which Bearman contracted for on the lease in question, nor did he co-operate with him in the procurement of the contract with Bracken, and the offer made by Jankowsky of the testimony of Bearman and himself which was refused by the trial court went to show that Bearman entered into the contract with Bracken solely on his own behalf, and that he never at any time consulted Jankowsky as to how he should develop and operate the property, and never co-operated with Jankowsky in the development, operation, and maintenance of said lease, substantiated the matters of defense set out in the answer with sufficient particularity to show that Jankowsky was not feigning his defense, but that he, in fact, had a meritorious defense to the petition of the plaintiff. It is the omission to plead any facts in the petition to vacate showing a meritorious defense which renders it objectionable. The mere fact that the defense consists in a denial of the truthfulness of the allegations contained in the original petition would not render it invalid if the facts and circumstances are set forth in sufficient detail to disclose that the defense relied on is real and substantial. Furthermore, if it was the theory of plaintiff, in his original petition, that a mining partnership existed among the cotenants, Bearman, Jankowsky, and Independent Oil & Gas Company, for the defendant of the leasehold in question, and the petition seems to admit of no other construction, than Jankowsky was entitled to defend upon the ground that judgment should run against all of the partners rather than against him personally, and the joint property of the partnership exhausted before the judgment should be satisfied out of his personal estate. Spangenberg v. Galena Perforating Co., 92 Okla. 185, 218 Pac. 804.

We come now to consider whether the trial court, on the record here presented, abused its discretion in refusing to set the default judgment aside. We understand the rule generally adhered to by the authorities to be that an application to vacate or modi-

fy a judgment is addressed to the sound legal discretion of the court and will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. Poff v. Lockridge, 22 Okla. 462, 98 Pac. 427. The authorities also recognize, we think, the difficulty in laying down a general rule to be adhered to in all cases respecting the discretion so to be exercised by the court in setting aside, or in refusing to set aside, default judgments. It may be stated, however, that such discretion should always be exercised so as to promote the ends of justice, and that a much stronger showing of abuse of discretion must be shown where the judgment has been set aside than where it has been refused. Poff v. Lockridge, supra.

Keeping these rules in mind and applying them to the facts in the instant case, did the trial court err in refusing to set the default judgment aside?

Reference has already been made to the fact that the plaintiff in error Jankowsky owned only a thirty-second interest in the lease at the time Bearman executed the contract with the defendant in error to drill the well.

It must also be borne in mind that plaintiff in error Jankowsky always claimed and still claims that no mining partnership, nor any other sort of co-operative enterprise, existed between himself and Bearman for the development and operation of the lease in question, and that he had been brought into the case by virtue of the fact that he happened to be a cotenant with Bearman in the ownership of the leasehold on which the well was drilled.

The record discloses that as soon as summons had been served upon him in the original action, he took the matter up with Bearman and was given to understand that he, Bearman, as the only person liable to Bracken, would retain attorneys to protect the interests of Jankowsky at his own expense, and save Jankowsky harmless from any liability whatever; that thereupon Bearman did retain the firm of Rogers & Jones, who appeared on behalf of both Bearman and Jankowsky and filed a general demurrer to the petition. It appears that Rogers & Jones were regular attorneys for Bearman, and that they never made any contract directly with Jankowsky, other than the contract with Bearman, that they should represent Jankowsky at Bearman's expense. Sometime after the general demurrer was filed by Rogers & Jones, and a

few weeks before the default judgment was taken, it seems that Bearman experienced a business failure and a receiver was appointed by the district court of Tulsa county, to take over his assets and administer his estate. The private files of Rogers & Jones, in the pending case, were thereupon turned over to the attorneys for Bearman's receiver. It seems that no notice was ever given to Jankowsky, by Rogers & Jones, of the receivership and of the termination of their representation of Bearman resulting therefrom. It is true that these attorneys stated in the record that they regarded themselves as continuing their representation of Jankowsky in the pending litigation, but so far as Bearman himself is concerned he disappeared entirely from the case, and since he admitted liability, personally, on the contract with Bracken, there was no occasion for the attorneys for the receivers to intervene.

The default judgment was taken November 11, 1923, in the absence of plaintiff in error Jankowsky and without his knowledge. There is considerable evidence in the record tending to show that Rogers & Jones had some agreement with Bracken's attorney whereby the filing of an answer on behalf of Jankowsky might be delayed indefinitely, awaiting such time as an issue might be made with the Independent Oil & Gas Company, and that Bracken's attorney, in violation of this agreement, fraudulently took judgment against Jankowsky, and that after this default judgment was taken, still represented that they would hold the matter in abeyance. As to whether the judgment was obtained under such circumstances as to amount to actual fraud by Bracken's attorneys is a matter upon which there was a conflict in the evidence, plaintiff's attorneys denying in substance that they made any such representations. As we view the case, the question of whether actual fraud was perpetrated is not the crucial question for decision. In the circumstances we do not think it can be said that Jankowsky was negligent in relying upon Bearman to employ attorneys to look after his interests in the pending litigation. There was a perfect understanding between Jankowsky and Bearman in regard to liability under the contract with Bracken for the drilling of the well, and the conduct of Jankowsky in entrusting the management and defense of the case to his cotenant, Bearman, was not unusual. If Jankowsky could have forseen the receivership which later transpired,

whereby Bearman's connection with the case was legally terminated, or if Bearman's attorneys had communicated such fact to him, a different situation would arise. As it was, he continued to rely upon these attorneys, who, whether on account of the insolvency of their client, Bearman, or on account of being misled by opposing counsel, failed to appear and file an answer. Their failure so to do, under the circumstances as disclosed here, should not be imputed to the plaintiff in error Jankowsky. We are not unmindful of the rule that the law ordinarily regards the negligence of an attorney as the client's own negligence, and that generally no relief will be given from the consequences of such negligence. This rule, however, cannot be made applicable here. Jankowsky's contract was with Bearman, and not with the attorneys representing Bearman. This agreement with Bearman grew out of the peculiar circumstances surrounding the parties at the time, and cannot be regarded as negligence on the part of Jankowsky. He is excusable when it appears that he has given such attention to the litigation as would be expected under the circumstances of a reasonably prudent person. While it cannot be said that Rogers & Jones abandoned the case, it is clear, from the evidence found in the record, that by reason of unavoidable misapprehension or misfortune, plaintiff in error has not had his day in court.

In Anderson v. Graham, 87 Okla. 278, 210 Pac. 281, it is said in the body of the opinion:

"It appears to us that the better rule in this class of cases is that a party may be held excusable for relying upon the diligence of counsel when it clearly appears that the party himself has not been neglectful and has given all proper attention to the litigation. Manning v. Roanoak Ry. Company, 122 N. C. 824, 28 S. E. 963."

The court further said, quoting with approval this statement from the case of Peterson v. Koch, 110 Iowa, 19, 81 N. W. 160:

"The law regards the negligence of an attorney as the client's own neglect, and will give no relief to the consequences thereof. Abstractly speaking this is correct, but if the negligence of the attorney is not such as may be imputed to the client, and is such as to cause unavoidable casualty or misfortune, preventing the client from prosecuting or defending, it is ground for a new trial."

Quoting again from the case of Anderson v. Graham, supra, our court said in the body of the opinion:

"* * * While the attorney for the defendant in this case did not abandon the case, it is evident, from the evidence found in the record, that the defendant, by reason of neglect of his attorney, or by reason of an unavoidable misapprehension as to the date on which the cause was set for trial, has not had his day in court."

We cannot escape from the conclusion that the plaintiff in error was a victim of circumstances over which he had no control due to the unforeseen withdrawal of his codefendant, Bearman, from the case, of which he had no notice, as the result of which he was prevented from having his day in court.

As was said by our court in McLaughlin et al. v. Nettleton et al., 69 Okla. 74, 183 Pac. 416:

"* * * We are constrained to believe that if this judgment should stand, it would have the effect of denying litigants their day in court and arouse an unjust resentment against the approved procedure in our tribunals of justice. It is the policy of the law and the courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause, free from technical pitfalls."

The judgment of the trial court is therefore reversed, and the cause remanded, with directions to the trial court to set aside the default judgment and hear the case up by its merits.

By the Court: It is so ordered.

Note.—See under (1) 30 Cyc. pp. 595, 599. (2) 4 C. J. p. 842, § 2825; 34 C. J. p. 431, § 677. (3) 34 C. J. p. 302. § 524. (4) 34 C. J. p. 429, § 677.