## JONES v. PINGREE.

No. 4661. Decided November 13, 1928. (273 P. 303.)

*Ricy H. Jones,* of Salt Lake City, for appellant.

*Willard Hanson,* of Salt Lake City, and *Jos. E. Evans,* of Ogden, for respondent.

HANSEN, J.   Plaintiff brought this action in the district court of Weber county, Utah, to recover a judgment against the defendant on account of alleged fraud practiced by the defendant upon the plaintiff in a transaction whereby the plaintiff purchased from the defendant 50 shares of the capital stock of the National City Bank of Salt Lake City, Utah.

In his complaint plaintiff alleges in substance that on October 15, 1920, the defendant falsely and fraudulently stated to the plaintiff that the capital stock of the National City Bank was worth $250 per share; that the bank was financially sound and solvent; that the bank had been paying regular annual dividends on its stock of 10 per cent upon the basis of $170 per share; that it was financially able to continue to regularly pay such dividends; that such representations were made by the defendant to the plaintiff with intent to cheat and defraud the plaintiff and to induce him to purchase 50 shares of the stock of said bank at $170 per share; that plaintiff, relying upon such statements, purchased 50 shares and paid therefor the sum of $8,500; that the statements and representations so made by the defendant were false; that in truth and in fact the bank was insolvent when the defendant made the statements and when the plaintiff purchased the stock; that in the year 1922 the bank was declared insolvent by the Comptroller of Currency of the United States; that a receiver was appointed for the bank; that an assessment of $100 per share was levied upon the stock purchased by the plaintiff, and he was required to pay such assessment in the sum of $5,000. The plaintiff prays judgment against the defendant in the sum of $13,500, together with legal interest thereon, and costs.

The defendant answered, denying generally the allegations of fraud set out in plaintiff's complaint.

The action was tried to a jury. The jury found for the defendant. Judgment was duly entered upon the verdict. Plaintiff appeals.

The appellant assigns 29 errors. Four of the assignments of error are based upon claimed irregularity and illegality of the proceedings had for the purpose of taking the deposition of the plaintiff before the trial began. Numerous documents, consisting of petitions, affidavits, orders, letters, subpoenaes, motions, and officers' returns, are contained in the bill of exceptions. Just what

bearing these documents can possibly have upon the questions we may review upon this appeal is not made to appear. What purports to be a deposition of the plaintiff is also contained in the bill of exceptions. So far as appears, the deposition was not offered or received in evidence. It is contended by counsel for appellant that, because he was required to attend the taking of the deposition of his client, he could not properly prepare for trial of the main action. A complete answer to such contention is the fact that when this case was called for trial, so far as the record discloses no request was made for a continuance and no claim made that plaintiff was not ready to proceed with the trial. A party to an action may not go to trial without objection and then upon appeal be heard to complain that he was not ready for trial.

During the trial defendant called witnesses who testified over timely objections and exceptions that the directors and officers of the National City Bank had good reputations for business ability, honesty, and integrity. Two of plaintiff's assignments of error are founded upon the reception of such evidence. Plaintiff offered evidence at the trial tending to show that the defendant stated to the plaintiff as an inducement for plaintiff to purchase the bank stock that the directors and officers of the bank were very competent. Apparently that evidence was offered in support of plaintiff's claim of fraud. In such case it was not error to permit the defendant to show that the statements were true.

Four of appellant's assignments of error relate to the admission and rejection of evidence affecting the solvency of the National City Bank at the time plaintiff purchased the stock which is involved in this action. It is alleged in plaintiff's complaint that the bank was insolvent in October, 1920, when the plaintiff purchased 50 shares of its capital stock. This allegation is denied by the defendant. The pleadings thus clearly made an issue which was a proper subject-matter of inquiry.

It appears that on February 3, 1922, Ed. E. Jenkins was appointed receiver of the National City Bank. On May 31st following he filed in the United States District Court in and for Utah a report of the financial condition of the bank from 1917 to the time Jenkins was appointed receiver. Jenkins was called as a witness by plaintiff. He was examined as to the financial condition of the bank. The report so filed by Jenkins was then offered in evidence. Defendant objected to the admission of the report in evidence. The objection was sustained. Complaint is made of such ruling. The ruling was clearly right.

Defendant offered evidence tending to show that the bank was solvent at the time plaintiff purchased his stock. Complaint is also made that such evidence was improperly received. The contention is without merit. The fact that the court approved the report of the receiver did not, as contended by the plaintiff, establish as a matter of law binding upon the defendant the financial condition of the bank. So far as appears, the defendant was in no sense a party to the receivership proceedings or in privity with any of the parties thereto. The defendant was therefore not bound by such proceedings. *Taylor* v. *Barker* (Utah) 262 P. 266, 55 A. L. R. 1032.

One of the instructions given to the jury was as follows:

"The court instructs the jury that these are the elements of fraud which the plaintiff must show before you would be entitled to find a verdict for the plaintiff. First, that the defendant, Joseph Pingree, made the representations claimed by the plaintiff. Second, that the representations, if they were made, were false. Third, that when the representations were made, if they were made, the said defendant, Joseph Pingree, knew them to be false, or made them recklessly without any knowledge of their truth and as a positive assertion. Fourth, that he made the representations, if any were made, with the intention that they should be acted upon by the plaintiff, E. H. Jones. Fifth, that the plaintiff acted in reliance upon said representations, if they were made, and the plaintiff was thereby injured. Each of these elements must be proved with reasonable certainty, and all of

them must be found from the evidence to exist. The absence of any of these elements is fatal to the plaintiff in the case."

The plaintiff objected and excepted to that portion of the foregoing instruction which reads: "Each of these elements must be proved with reasonable certainty, and all of them must be found from the evidence to exist. The absence of any of these elements is fatal to the plaintiff in the case." No complaint is here made, nor was any objection made or exception taken in the court below, to the remainder of the instruction. We are unable to see wherein the words complained of constitute error. They merely emphasize and clarify the language used in that part of the instruction which defendant concedes was proper.

Objections and exceptions were taken to the giving of each of the following instructions:

"You are instructed that it was the duty of the plaintiff, before acting upon any representations made to him by the defendant concerning the said National City Bank or its stock, if any such representations have been proven, to have exercised ordinary care and caution to guard against deception and fraud, and if he could by the exercise of ordinary care and caution have ascertained the falsity of any statement or representation made to him, if you believe that the same were made, and he failed to do so, then he is not entitled to recover in this action and the jury should find for the defendant, unless you believe from the evidence that the alleged statements of the defendant were of such character as to induce plaintiff to rely entirely upon their truth and to induce plaintiff not to make such investigation as a reasonably prudent man would make under different circumstances."

"You are instructed that it is undisputed in the evidence that at the time of the alleged transaction in question, to-wit, in the month of October, 1920, and for a number of years prior thereto, the plaintiff was the owner of shares of stock in the National City Bank, and had received the dividends from said bank paid on his stock from the time of the commencement of the payment of dividends, and that, having received said dividends, he was presumed to know the amount and rate of dividends paid on the capital stock by said bank over said period, and that if defendant represented to plaintiff that dividends had been made to the amount of ten per cent on the value of $170.00 per share and that same would continue to be paid, that the plaintiff

was presumed to know that such statements were not true, and for that reason such statements could not constitute fraud in this case."

"You are instructed that before the plaintiff can recover he must prove by a preponderance of the evidence that he relied upon one or more of the fraudulent representations which he alleges defendant made to him, and if you believe from the testimony that the plaintiff did not rely upon said representations, but that he made the trade in question and accepted said bank stock because of his own knowledge of conditions, then your verdict should be in favor of the defendant and against the plaintiff, no cause of action."

"You are instructed that there was no confidential relationship existing between the plaintiff and the defendant at the time in question and that they were dealing with each other at what the law terms "at arms length," that is, that it was the duty of each party to make such investigation as to any statement or representation made by the other that you believe a reasonably prudent person, in view of all the circumstances, should make."

The giving of these instructions is assigned as error.

The plaintiff submitted to the trial court ten requests for instructions to the jury. Some of these requests proceed upon the theory that this is an action for fraud; others proceed upon the theory that it is an action for the breach of a waranty in that the defendant warranted that the stock sold to the plaintiff was worth $250 per share. In the main the trial court gave in substance plaintiff's requested instructions that proceeded upon the theory that this is an action based upon fraud, and rejected the requested instructions that proceeded upon the theory that this is an action for the breach of a warranty. Eight of plaintiff's assignments of error are based upon the refusal of the court to give the requested instructions and the giving of requested instructions in a modified form. We are of the opinion that the complaint filed in this action clearly shows that it is founded upon fraud and not upon a breach of warranty. The court therefore properly refused to instruct the jury upon the law as applied to an action for the breach of a warranty.

Plaintiff has not indicated wherein he claims the trial court stated any wrong principle of law in the instructions

given. All objections urged seem to proceed upon the theory that the instructions given are not applicable to the evidence in the case and that the rejected requested instructions are so applicable. Upon the record before us we are unable to pass upon the merits of plaintiff's contention in such respect. The bill of exceptions does not contain, nor purport to contain, all of the evidence in the case nor all of the evidence upon any particular issue tried by the court and jury. The law applicable to a situation such as is here presented is thus stated in 4 C. J. § 2342, p. 543:

"Where an instruction given or refused depends on the evidence which was adduced and is proper or otherwise, according to the proof, the record should set out the evidence in order to permit a review. Without the evidence, the appellate court cannot review the giving or the refusal of the instruction in question, further than to determine whether or not it is absolutely erroneous as an abstract proposition of law and could not properly have been given under any conceivable state of facts which could have been shown in evidence under the issues made by the pleadings."

On examination of the numerous cases cited in the footnotes shows the rules announced in the text are well supported by judicial opinion.

The plaintiff filed a motion for a new trial upon all of the grounds provided by Comp. Laws Utah 1917, § 6978. The motion was supported by affidavits. The motion was denied. The order denying a new trial is assigned as error. The incomplete record before us is silent as to some of the matters urged why a new trial should have been granted. Upon the record we do have before us, we are of the opinion that the trial court properly denied a new trial.

Judgment is affirmed.

Respondent is awarded his costs.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.