## ADACHI v. BICKFORD.

No. 18844. Opinion Filed Feb. 26, 1929.

Woodard & Westhafer and Charles L. Harris, for plaintiff in error.

C. S. Walker and Homer J. Tucker, for defendant in error.

REID, C. In October, 1926, Howard E. Bickford, here defendant in error, filed a suit in the common pleas court of Tulsa county against K. Adachi, plaintiff in error, to recover a money judgment according to the terms of a rental agreement, and also upon two promissory notes alleged to have been executed to him by Adachi. Adachi answered with a plea of failure of consideration, and in a cross-petition sought to recover damages for breach of the rental contract.

On April 5, 1927, the case went to trial before Judge Saul A. Yager, who presided over division No. 3 of said court, which court by law is composed of four divisions with a judge for each division. There was a mistrial before Judge Yager which appears to have been declared by the court upon consideration of defendant's demurrer to plaintiff's testimony. It appears that sometime in April, after the mistrial before Judge Yager, an allocation of the cases on the docket of the court was made to the respective divisions, and this case thereupon came to division No. 2 presided over by Judge S. Morton Rutherford, and on April 28th was placed on the nonjury trial docket, or assignment of that division, and on May 3rd was set for trial on May 23rd. On May 7th the case was regularly reached for hearing on defendant's motion to dissolve the garnishment, and this was overruled. On May 23rd the case came on for hearing in its regular order of setting, and the plaintiff appeared by his counsel, waived a jury, and the case was heard by the court, and judgment rendered against the defendant. Neither the defendant nor his counsel was present at the time the motion to quash the garnishment was heard, nor when the final judgment was taken.

On August 9, 1927, the defendant filed a petition to vacate and set aside the order of May 7th sustaining the garnishment, as well as the judgment of May 23rd, and soon thereafter, by amended petition filed, amplified the allegations of the original petition. The defendant sought to vacate the judgment under subdivisions 3, 4, and 7, section 810, C. O. S. 1921.

The court denied the petition, from which ruling the defendant has appealed, and assigns as error the refusal of the court to sustain his petition on the grounds provided for in sub-divisions 3 and 7, section 810, supra, as to the final judgment entered against him on May 23, 1927.

The court of common pleas of Tulsa county was authorized by law to do so, and we find from the record that it had adopted rules effective January 10, 1927, that said court should be divided into four divisions desig-

nated Nos. 1, 2, 3, and 4, presided over by Judges S. J. Clendenning, S. Morton Ruthenford, Saul A. Yager, and Wm. N. Randolph, respectively, and said rules further provided:

2. "All civil cases to be filed on and after the 10th day of January, 1927, are hereby assigned to the different divisions, according to the numbers borne by such cases in the court of common pleas, in the following manner, to wit:

"Nos. ending in 1 to 25, inc., division No. 1.

"Nos. ending in 26 to 50, inc., division No. 2.

"Nos. ending in 51 to 75, inc., division No. 3.

"Nos. ending in 76 to 100, inc., division No. 4."

3. "Cases pending in one division may be transferred by the judge of said division to any other division, with the consent of the judge to whose division they are transferred."

Session Laws 1923, chapter 51. section 7, provided that said court should hold its regular term for the trial of civil actions at and during the same time when said terms are held by the district court in said county, but provided that the court might by rule or order appoint such terms to be held oftener and upon other days than that. And by section 3072, C. O. S. 1921, the terms of the district court of Tulsa county began on the first Monday of March, June and November, respectively.

The judgment in this case sought to be vacated by the defendant was taken, as we have seen, on the 23rd day of May, 1927, and on a nonjury trial docket or assignment of cases that seems to have begun in the respective divisions of said court on May 11, 1927. And therefore said trial assignment was not one beginning with the regular term of this court.

It appears that by force of article 2, sections 19 and 20 of the Constitution of this state, and sections 530-532, C. O. S. 1921, under the issues joined by the pleadings, this was a jury case, and it remained one to be tried by a jury unless a jury should be waived as provided by section 555, C. O. S. 1921. The evidence discloses that immediately upon the issues being made up, the plaintiff filed with the clerk a formal demand for a jury, and the evidence further shows that the defendant, on the same day and before the case went to a mistrial in Judge Yager's division No. 2, also made a demand for a jury. While this demand was not necessary in order to have the case tried to a jury, yet it would serve to emphasize to the court and its officers the fact that the parties were not waiving their rights to a jury trial.

The record in this case does not disclose that any order was ever entered upon the journal of that court transferring this case from one division to another. But upon the appearance docket of the court we find the following entries material to the question, to-wit:

"1927.

"April 5 Assig. Judge Randolph.

"April 5. Case reassigned to Judge Yager, defendant files motion to dissolve garnishment. 8 witnesses sworn. Evidence introduced hearing on motion passed until the conclusion of trial. Both sides announce ready for trial and agree to a jury of 6 men. Jury sworn as to qualifications. * * *

"Opening statements made. 9 witnesses sworn. Plaintiff introduces test. & rests. Defendant demurs to evidence of plaintiff. Demurrer argued in absence of jury. Court orders that the trial is a mistrial and jury is discharged. Motion to dissolve garnishment assigned to Judge Randolph.

"April 28 Set on nonjury docket.

"5-13 Case set for trial 5-23-27.

"5-7 Motion overruled (Motion to dissolve garnishment.)

"5-23 Default judgment for plaintiff as per J. E. two notes cancelled & merged in judgment. * * *

"June 1 Fil. journal entry (Rutherford.)"

The Tulsa Legal News is published daily in the city of Tulsa for the purpose, among other things, of giving attorneys and litigants information as to the time cases are set for hearing in the different courts, and the issue of May 10, 1927, showed this case was set for May 23, 1927, on the nonjury trial docket of division No. 2 of said court. Counsel for the plaintiff, Mr. Tucker, testified to a conversation he had with defendant's counsel after the case was transferred to division No. 2, but his testimony seems to go more to a discussion between them of the time when they would take up the motion to dissolve the garnishment, and this must have occurred prior to the publication in the Legal News, or the setting of the case for trial of May 23, 1927, for the reason that the case was set for May 3rd for the final trial, and the motion to dissolve the garnishment was actually heard on May 7th. The testimony of defendant's counsel is to the effect that he left Tulsa on the 28th day of April, 1927, and was in Oklahoma City engaged in the trial of a case until the latter part of May, when

he returned to Tulsa; that before going to Oklahoma City, he had informed himself that there would be no jury trials in Judge Yager's court during that time, and that knowing this to be a jury case, he then presumed that it would not be called during his absence, otherwise he would have arranged for counsel to answer for him at the trial. He testified that he had no information from any source that the case was to be tried on the day it was heard, and he squarely denied that any such conversation took place between them as detailed by plaintiff's counsel

• It will be observed that the information defendant's counsel testified he received, that there would be no jury trials during his intended absence, went directly to Judge Yager's division only; however, it is true that he would have received the same information as to all the other divisions if he had made the same inquiry, as there was no jury for any of the divisions during said time.

In the case of Nation v. Savely et al., 127 Okla. 117, 260 Pac. 32, this court said:

"Sections 579 and 580, C. O. S. 1921, relating to the time and manner of setting cases for trial and publication of the trial docket before the regular session or term of court, are vital provisions for the benefit of litigants; and by virtue of the first clause of the third subdivision of section 810 of the statutes, where a default judgment has been rendered, the aggrieved person, by a reasonable application, upon showing that these statutes were not complied with, may have the judgment set aside at or after the term after such judgment or order was rendered, unless such aggrieved person had actual notice of the trial in time to appear and defend or prosecute his cause. The second clause of said subdivision of section 810 of the statutes, which provides for relief against 'an irregularity in obtaining a judgment,' is in its nature a flexible provision addressed to the sound legal discretion of the court—to the trial court primarily, and to this court on review."

The case was filed No. 7622 in said court prior to the promulgation of the rule effective January 10, 1927, and therefore rule No. 3, supra, would not direct the division into which it should go, and there seems to have been no effort to apply the allocation of cases provided by said rule to this case until the docket was made up in April, after the mistrial, setting the trial of nonjury cases beginning in the respective divisions on May 11, 1927.

As was said by this court in the case of Bearman v. Bracken, 112 Okla. 237, 240 Pac. 713, in reversing the action of the trial court in refusing to vacate a judgment:

"We come now to consider whether the trial court, on the record here presented, abused its discretion in refusing to set the default judgment aside. We understand the rule generally adhered to by the authorities to be that an application to vacate or modify a judgment is addressed to the sound legal discretion of the court, and will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. Poff v. Lockridge, 22 Okla. 462, 98 Pac. 427. The authorities also recognize, we think, the difficulty in laying down a general rule to be adhered to in all cases respecting the discretion so to be exercised by the court in setting aside, or in refusing to set aside, default judgments. It may be stated, however, that such discretion should always be exercised so as to promote the ends of justice, and that a much stronger showing of abuse of discretion must be shown where the judgment has been set aside than where it has been refused. Poff v. Lockridge, supra. Keeping these rules in mind and applying them to the facts in the instant case, did the trial court err in refusing to set the default judgment aside?"

At all times in considering the question in this case, it must be borne in mind that here we have a case in which the issues were duly made calling for a jury trial, and in which each of the parties had gone further than the law required in order to obtain a trial by jury by actually demanding one. And thereafter, and when counsel for defendant had learned there would be no jury in that division in which the case had once been tried, and during a time in which there is no jury for any division of said court, the case is placed upon a nonjury trial assignment, not at the beginning of a regular term of said court fixed by law, and upon the call of the case the plaintiff waived a jury and takes judgment.

We have concluded, that under the circumstances, this case was erroneously set in midterm on the nonjury trial assignment, and in the absence of sufficient actual notice of such fact, and of the date it was set for trial, to defendant or his counsel, the taking of judgment on May 23, 1927, constituted such an irregularity as required the trial court to find that grounds existed to vacate said judgment.

The plaintiff calls our attention to the case of Gavin v. Heath, 125 Okla. 118, 256 Pac. 745, wherein the court in its syllabus said:

"When a defendant against whom judgment has been rendered files a petition at a subsequent term of court to vacate the same, the provision therefor set out in section 810 should first be shown as required by

section 813, C. O. S. 1921; then the burden is on him to establish and have adjudged his alleged defense to the action. Failing in either, the trial court errs in vacating the judgment against which the atack is directed."

The situation presented in the foregoing case is not similar to the one we have under consideration for the reason that in that case the court **granted** the petition of the defendant to set aside the judgment against him, but in this case the petition **was denied.** And evidently, as disclosed by the record, the court only passed upon the grounds to vacate the judgment and order as is provided in section 813, supra. And if the court found, as it seems to have done, that no grounds existed for vacating the judgment, then it was uselesa to proceed further and determine whether a defense to the action existed, as provided in section 814, C. O. S. 1921. This has been so held, in effect, by this court in the case of McLaughlin et al. v. Nettleton, 25 Okla. 319, 105 Pac. 662, wherein it reversed the action of the trial court denying the defendant's petition to vacate the judgment, a situation like that here presented.

The judgment of the trial court is reversed and remanded.

BENNETT, TEEHEE, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 3 C. J. §355, p. 525, n. 18. "Judgments." 34 C. J. §495, p. 274, n. 81. "Juries," 35 C. J. §123, p. 210, n. 3.