## ST. LOUIS TRADING CO. et al. v. BARR.

No. 21785.    May 1, 1934.

Samuel A. Boorstin, E. L. O'Neil, and J. F. Conway, for plaintiffs in error.

Yancey, Spillers & Fist, J. Wood Glass, and Pennel & Harrison, for defendant in error.

BUSBY, J. This action was commenced on November 18, 1928, in the district court of Washington county by Hattie Barr as plaintiff, against the St. Louis Trading Company, a partnership composed of Nathan Greenberg and Phillip Levine, and against such partners individually, as defendants.

The plaintiff seeks to recover damages for the alleged breach of an oral contract to employ her for a period of 22 months. Counsel for the plaintiff concede that the contract falls within the statute of frauds. They contend, however, that the defendants are estopped to assert the statute of frauds as a defense under the facts in this case.

The trial of the case to a jury in the lower court resulted in a judgment for the plaintiff. The defendants appear herein as plaintiffs in error. For convenience the parties will be referred to in this opinion as they appeared in the trial court.

An examination of the record discloses that the evidence of the plaintiff tends to establish the following facts: In January of 1928, the plaintiff, Hattie Barr, was the owner of a general merchandise store at Nowata, Okla. She offered to sell her stock and fixtures to the defendant, St. Louis Trading Company, for $7,000. The defendant refused to pay that sum, but orally offered to pay $5,000 and to employ the plaintiff as clerk for a period of 22 months at a salary of $30 per week. This offer was orally accepted.

The $5,000 was paid to plaintiff and the stock of merchandise and fixtures were delivered to the defendants, together with an executed bill of sale thereto. The defendants continued in business at Nowata for a period of two weeks, at the end of which time they sold out. During the two weeks that defendants operated their business at Nowata they employed plaintiff at the salary agreed upon. After they had disposed of their store they refused and failed to give plaintiff further employment.

The plaintiff in her petition pleads the oral contract and breach thereof. The defendants in their answer denied making any agreement to employ the plaintiff for any definite length of time, and as an additional defense asserted that such a contract, if made, was in violation of the statute of frauds and therefore unenforceable. The plaintiff filed a reply in which she asserted that by reason of the "facts pleaded herein" (apparently referring to the statements contained in her petition) the defendants were estopped to plead the statute of frauds.

The plaintiff neither alleged in her pleadings nor established by her evidence that the value of the stock of goods which she parted with was greater than $5,000, the amount which she received for the same. Neither did she plead or prove that she was deriving a fixed income from the operation of the store nor did she establish that she could not re-enter a similar business with **equal** chances of financial success. In other words, the plaintiff's evidence tended to establish that, by reason of defendants' promise to employ her for a period of 22 months, she was induced to alter her position, but it **wholly fails to establish that this change of position resulted in any detriment to the plaintiff.** The importance of this failure of proof will become obvious as we proceed to apply the law to the facts involved.

The sufficiency of the plaintiff's evidence was challenged at the close thereof by a demurrer interposed by the defendants. It was again questioned at the close of all of the evidence by a motion for a directed verdict. Both the demurrer to the evidence and motion for directed verdict were overruled by the trial court, to which rulings of the trial court the defendants excepted.

Subdivision one of section 9455, O. S. 1931, provides:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent:

"First: An agreement that, by its terms,

is not to be performed within a year from the making thereof."

A contract of employment which cannot be performed within one year falls within the above-quoted section of the statute of frauds. 27 C. J. 186, par. 112. Contracts which are not to be performed within a year are not taken out of the statute by part performance. It is conceded by the parties that the contract of employment involved in this case, being impossible of performance within a year, is within the statute and that it is not removed therefrom by part performance. It is the contention of the plaintiff, in support of the judgment of the trial court, that, under the facts as pleaded and proved, the defendants were estopped from claiming the benefit of the statute above referred to.

In support of her position the plaintiff relies principally upon the case of Seymour v. Oelrichs, 156 Cal. 782, 106 P. 88, 134 Am. St. Rep. 154. A careful examination of that case discloses that it is clearly distinguishable from the case at bar. In the cited case the plaintiff, Seymour, had a life position as captain of detectives in the city of San Francisco at a monthly salary of $250. On the strength of an oral promise made by an agent of the defendant to employ him for a period of ten years at a monthly salary of $300 per month, Seymour was induced to resign his lifetime job. The defendants breached the contract of employment, and when sued by Seymour for breach of contract pleaded the statute of frauds. In passing upon the case, the California court held that the defendant was estopped to plead the statute of frauds for the reason that the plaintiff had altered his position to such an extent by reason of the oral promise that a plea of the statute of frauds would result in an unjust and unconscientious injury to the plaintiff. In that case the court said:

"* * * It was the change of position caused by his resignation from the police department upon which his claim wholly rests * * *"

—and also:

"The injury done plaintiff by a repudiation of the promise by the defendants under these circumstances would certainly appear to be unjust and unconscientious. * * *"

As we have previously observed, the plaintiff in the case at bar did not establish that her change of position resulted in an "unjust or unconscientious" injury, or in fact any injury at all. As far as the record is concerned she may have received all that her store was worth or may have succeeded in disposing of an unprofitable business.

Unquestionably, in a proper case, a party may be estopped to plead the statute of frauds. Pomeroy's Equity Jurisprudence (2d Ed.) pars. 2253, 1293, 859, 921, and 421. Estoppel to claim the statute as a defense in such cases is based upon equitable principles. The statute of frauds is designed as an instrument to prevent frauds, and a court of equity may prevent a party from taking advantage of the statute to perpetrate a fraud. The very essence of equitable estoppel is the **resulting prejudice** to the party who invokes the doctrine. Spencer v. First National Bank of Alva, 116 Okla. 178, 243 P. 943; Tidal Oil Co. v. Flanagan, 87 Okla. 231, 209 P. 729; Producers Supply Co. v. Render, 95 Okla. 212, 218 P. 304.

In the case of Bahnsen v. Walker, 89 Okla. 143, 214 P. 732, this court, in an opinion prepared by Mr. Justice Kane, quoted with approval the rule stated by the Iowa court in the case of Burden v. Sheridan, 36 Iowa, 125, 14 Am. Rep. 505, as follows:

"The fraud against which a court of equity will relieve, to the extent of enforcing a parol contract, notwithstanding the statute of frauds, is not the mere moral fraud or wrong involved in the repudiation of a contract actually entered into, but which by reason of the statute he is not bound to perform for want of its being in writing, * * * but consists in the repudiation of a contract which has been made and upon which an innocent party **has been misled to his injury,** if the statute of frauds be strictly enforced against him."

Not only must the person who claims the benefit of an equitable estoppel to prevent another from pleading the statute of frauds be misled to his prejudice, but the injury suffered by him must be of such a character that he could not obtain redress in an ordinary way by an action at law. This principle was recognized by this court in the case of Hall v. Haer, 160 Okla. 118, 16 P. (2d) 83. In that case the plaintiff sought specific performance of an alleged oral contract to convey to him an interest in land in return for services rendered. In disposing of that case, we said, quoting from 25 R. C. L., page 266:

"It must appear to constitute ground for a decree for the specific performance of an oral agreement to convey land, founded upon alleged services, that the services were in some respect of an exceptional character so that it is impossible to estimate their

value by any pecuniary standard. If the services are merely such as could be compensated for on the basis of quantum meruit they are not of the peculiar character requisite to constitute part performance. In such cases damage would be an adequate remedy at law and the jurisdiction of chancery could not be invoked."

And in the same opinion this court said:

"We think the services rendered by plaintiff in the instant case are not of such character that their value cannot be readily measured by a pecuniary standard. The value of his services can be easily and readily established, and he must therefore resort to an action at law to recover compensation therefor."

Wherever personal property has been transferred by reason of an oral promise which is within the statute, and which the promisor refuses or fails to perform, a promise is implied in law on which an action will lie for the recovery of the value of the property. 27 C. J. 362. Thus assuming in this case that the plaintiff, relying on the oral promise of defendants, parted with merchandise of a value greater than the price received (a fact which the record does not establish), and assuming that that was the only detriment suffered by her, her proper remedy would be an action on an implied contract to recover the excess in value of the goods transferred over the price paid. Such remedy being available, she could not under the principle recognized in Hall v. Haer, supra, avail herself of the extraordinary remedy of equitable estoppel to prevent her adversary in the litigation from claiming the benefit of the positive statute invoked. This is but an application of the time-honored principle of equity jurisprudence that an equitable remedy is not available when there exists a complete and adequate remedy at law.

In the above paragraph we have assumed a fact and stated a principle which is not essential to a determination of this appeal in view of the present state of the record, but we deem it proper to avoid confusion in the future proceedings in connection with this case, and to emphasize a principle which must at all times be recognized in this character of litigation. Our law-making bodies in the exercise of their wisdom have enacted the statute of frauds. In order to prevent frauds they have required that certain classes of contracts be reduced to writing. Although equity may intervene for the purpose of preventing this statute from being used as an instrument of fraud, the exercise of this power must be carefully guarded, and it should not be applied unless a manifest and unconscionable injustice would result if such relief were withheld, and even then only in cases where the law does not provide a complete and adequate remedy.

A party who relies on estoppel as the basis of a claim or defense must plead and prove the facts essential to establish the same. Newman v. Roach, 140 Okla. 210. 282 P. 287. The plaintiff failed to sustain this burden by failing to establish an injury resulting from her change of position for which she could not obtain redress in an action at law. The only evidence in the record which even suggests an injury resulting from her **change of position,** as distinguished from the damages resulting in the refusal of the defendants to perform the alleged oral contract, is her own testimony that she was asking $7,000 for her stock of goods. Aside from the fact that such excess in value of the goods over the price paid could be recovered on the basis of an implied promise in an action at law, the proof was wholly insufficient to establish the excess in value. She does not testify that the stock was worth that sum. Sellers frequently ask more than their property is worth.

Essential facts may not be left to surmise or questionable inference. General Motors Acceptance Corporation v. Gandy (Cal.) 253 P. 137. For the reason stated it appears that the court erred in overruling the defendants' demurrer to plaintiff's evidence and defendants' motion for a directed verdict.

Another proposition is raised in the brief which we deem it proper to dispose of because of its importance in the subsequent proceedings herein. This is an action against the partnership, and against the members thereof as individuals. In prosecuting this action service was obtained on only one of the partners, Nathan Greenberg. All of the pleadings filed prior to trial were on behalf of the partnership and of Nathan Greenberg as an individual. Phillip Levine did not file any pleading as an individual. However, he did appear at the trial and testified as a witness. And subsequent to the trial he joined with the other defendants in a motion for a new trial, asking for the same upon the theory that errors of law had been committed by the trial court in the course of the trial. The judgment rendered in this case was against both the partnership and the individual members thereof.

It is the established law of this state that in a suit against a partnership where only one member of the firm is served, it is error to render an individual judgment against the member not served. Holmes v. Alexander, 52 Okla. 122, 152 P. 819; Spangeinberg v. Galena Perforating Co., 92 Okla. 185, 218 P. 804; Bearman et al. v. Bracken et al., 112 Okla. 237, 240 P. 713; Taylor v. Quinnett, 109 Okla. 241, 235 P. 214; Sayre Commission Co. et al. v. Keen, 26 Okla. 794, 110 P. 775.

The plaintiff contends, however, that the appearance of Phillip Levine as a witness in the trial of this cause constituted a general appearance, and that the trial court thereby acquired jurisdiction over his person. With this contention we cannot agree. Commercial State Bank v. Rowley (Neb.) 89 N. W. 765; Beaupre v. Brigham, 79 Wis. 436. However, when the defendant Levine joined with the other defendants in filing a motion for a new trial upon non-jurisdictional grounds, complaining of errors of law committed during the trial, he thereby entered a general appearance which related back to and became effective as of the time of the trial. Trugeon v. Gallimore, 28 Okla. 73, 117 P. 797; Lindley v. Hill, 58 Okla. 71, 158 P. 356; Clarkson v. Washington, 38 Okla. 4, 131 P. 935. It is also to be observed that the defendant Phillip Levine joined with the other defendants in filing a petition in error and perfecting an appeal to this court. It thus follows that jurisdiction over the person of that defendant has been acquired.

The judgment of the trial court is reversed, with directions to grant a new trial.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, and OSBORN, JJ., concur.