## SUDIK v. SINCLAIR OIL & GAS CO.

No. 23148. Feb. 5, 1935.
Rehearing Denied May 21, 1935.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Edward H. Chandler, Summers Hardy, and Robt. L. Imler, for defendant in error.

BAYLESS, J. William Sudik, who held an agricultural lease from the Commissioners of the Land Office of the state of Oklahoma upon certain school land in Oklahoma county, Okla., instituted proceedings in the nature of condemnation, as provided by section 9421, C. O. S. 1921 (5592, O. S. 1931), in the district court of Oklahoma county, Okla., against Sinclair Oil & Gas Company, a corporation, which company held an oil and gas lease upon the same land from the said Commissioners. The purpose of the action was to determine the damages alleged to have been done to Sudik's lease rights under the liability provided by section 9420, C. O. S. 1921 (5591, O. S. 1931), and as contracted for in the said leases.

Sinclair was given notice of the filing of the petition and commissioners were appointed to assess the damages and duly made their report. Sinclair filed objections to this report and a demand for a jury trial. Sudik filed a motion to strike the objections and demand for jury trial. This motion was heard in the absence of Sinclair and granted, and default judgment was rendered in Sudik's favor for the amount of the commissioners' award. Thereafter Sinclair took steps to have this judgment vacated and the judgment was vacated. Sudik then prosecuted this appeal from the action of the trial court in vacating the judgment.

The first division of Sudik's argument raises this point: The proceedings were in the nature of condemnation, as by a railroad company, and the condemner, being in possession, was required to pay into court, for the benefit of the condemnee, the amount of the award as a condition precedent to the right of a jury trial.

Sudik therefore insists that Sinclair, not having paid this money into court, is not entitled to a jury trial and the trial court was without authority to set aside the judgment in order to afford Sinclair a trial. We cannot agree with this contention. Sudik was in possession of this land under an agricultural lease. Sudik says on page 83 of his brief:

"The right of defendant, Sinclair, to enter upon this land is not in this case. Section 9421 does not refer to the right of entry, but provides a method of assessing the damage after entry has been made."

We construe this to mean that Sudik recognizes Sinclair's right of entry and right to possession within the purview of the land and the leases. We further construe this language to mean that Sudik does not contend that Sinclair must pay the amount of the commissioners' award into court as a condition precedent to entry. See sections 5501, 5502, C. O. S. 1921 (11931, 11932, O. S. 1931).

The procedure used in this cause to settle the claim arising between Sudik and Sinclair is that of condemnation as applicable to railroad companies as set forth in sections 5501-5504, C. O. S. 1921 (11931-11934, O. S. 1931). Nowhere in these sections of our statute is the payment of the amount of the award of the Commissioners made a condition precedent to any step except the taking possession of the land. We are not cited any decisions of this court, or from any other court, to sustain Sudik's contention. All of the cases cited by him turn upon the right of the condemner to make entry and take possession without first depositing the amount of the award. The right of entry or possession not being an issue in this case, those cases are not analogous or applicable.

We therefore hold that the sections of our statute governing the rights of each of these parties, and the applicable provisions of eminent domain procedure used by railroad companies, are intended to give the parties the right to settle the claim of damages in a summary manner; but if either of the parties is dissatisfied with the award of the commissioners, he can, by the method pointed out in the statute, convert the matter into a civil action in the district court, as spoken of in section 5503, C. O. S. 1921 (11933, O. S. 1931).

The trial court sustained the "Motion to Strike Exceptions and Report of Commissioners and Demand for Jury Trial" on the 18th day of April, 1931, and entered judgment for Sudik for the amount of the commissioners' award on the same day.

This was during the January, 1931, term of said court, which expired April 30, 1931. On June 3, 1931, Sinclair filed a "Petition for New Trial", and caused summons to be issued and served upon Sudik. Sudik demurred to this pleading, and when the demurrer was overruled, objected to the introduction of evidence, and when evidence was introduced, demurred again; and finally moved for judgment when the hearing was completed. These various moves on his part were denied by the court, and at the

conclusion of the hearing the court granted Sinclair's petition and vacated the judgment.

As we have before stated, Sinclair's pleading is styled "Petition for New Trial." Some of the argument of Sudik is directed toward construing this to be a motion for new trial, but the title of a pleading is not controlling, but rather its substance and disclosed purpose are controlling. Some of the allegations of this pleading, if taken alone, could only serve as a ground for a new trial in a motion under section 574, C. O. S. 1921 (400, O. S. 1931), and section 811, C. O. S. 1921 (557, O. S. 1931). However, it is clear to us from a consideration of the entire pleading that Sinclair was proceeding under the provisions of sections 810-812, C. O. S. 1921 (556-558, O. S. 1931). In our opinion the petition was sufficient to challenge the attention of the court under the 4th and 7th subdivisions of section 810, C. O. S. 1921 (556, subds. 4, 7, O. S. 1931).

The trial court heard the evidence, the material portions of which were given by attorneys for the parties. One of the attorneys for Sinclair testified positively that after the objections and demand for jury trial were filed, he met the leading attorney for Sudik and requested that the matter be set for hearing at a convenient date and that he be given written notice thereof in order that he might be present at the hearing, to all of which Sudik's attorney agreed. Sudik's attorney testified he was of the opinion that the conversation referred to another case and took place on a different occasion.

The trial court, after hearing all of the evidence, decided the issues in favor of Sinclair. We can find no abuse of discretion (Shuler v. Viger, 103 Okla. 129, 229 P. 280) in so doing, and are of the opinion that there was sufficient evidence to support the action of the trial court in this respect (Adachi v. Bickford, 135 Okla. 228, 273 P. 303).

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.