## FOSTER & DAVIS, Inc., v. BONNER et al.

No. 28592.   Feb. 28, 1939.

Rehearing Denied March 28, 1939.

Application for Leave to File Second Petition for Rehearing Denied June 6, 1939.

Allan R. Shaw, for plaintiff in error.

McCoy, Craig & Pearson, for defendants in error.

DANNER, J.   We state only the facts which are necessary to the particular ground upon which this appeal is decided. The plaintiff in error was one of two corporate defendants in the trial court. Said defendant filed a motion to quash the issuance, service, and return of summons, on the ground that the court had not acquired jurisdiction over the person of said defendant. That motion was overruled. The record shows that the case came on for trial before a jury, that a trial was had and that the jury returned a verdict against said defendant and judgment was entered thereon. The defendant then filed a motion for new trial and a motion to vacate the judgment, both of said motions repeating the ground alleged in the motion to quash, and said motions were overruled. The defendant appeals, and the only contention urged is that the trial judge erred in overruling the aforesaid motion to quash.

Had the defendant not filed an answer, no issue would have been formed and there would have been no issue to submit to the jury. But the record reveals that the case did go to the jury, and it reveals that the attorney for the defendant appeared at the trial and contested the action. Therefore, the defendant filed an answer, but said answer is not included within the record before us.

It has so often been held that this court does not presume error, and that the burden is on the appellant to show error, if such existed, that it is unnecessary to cite authorities to that effect. We presume that the judgment is correct until it is shown otherwise. Another elemental principle is that even though the trial judge may have committed error in overruling such a motion to quash, still if the defendant thereafter seeks affirmative relief from the court, he thus enters his appearance and the court has thereby acquired jurisdiction over his person.

For aught that this court knows, the answer of the defendant may have asked affirmative relief. The record does not contain that answer. We do not presume that said answer sought affirmative relief, but we do presume that the judgment is correct until the record itself reveals that it was incorrect. An essential part of the record, which we would have to inspect before we could reverse the judgment, is missing. If said missing portion were included, it might or it might not reveal that the trial court acquired jurisdiction over the person of defendant. We can affirm the judgment without said missing portion, but we could not reverse the judgment without it, for an inspection of the answer, if it were here, as it should be, might reveal that therein the defendant invoked jurisdiction. The presumption in favor of the judgment therefore cannot be dispelled without an inspection of the answer, which inspection is rendered impossible by the record before us. This logically leads, we believe, to the conclusion that the judgment should be affirmed, and it is so ordered.

BAYLESS, C. J., and RILEY, CORN, and HURST, JJ., concur.

## On Rehearing.

PER CURIAM. In connection with the application for leave to file a second petition for rehearing, the plaintiff in error asks leave to withdraw the case-made for the purpose of correcting the same to include the answer. The record discloses that in the motion for new trial the defendant entered its appearance by including therein a nonjurisdictional ground that a new trial should be granted because of "errors of law occurring at the trial." See St. Louis Trading Co. v Barr (1934) 168 Okla. 184, 32 P.2d 293. It follows that it would avail plaintiff in error nothing to amend the record so as to show that in the answer no affirmative relief was asked which would have the effect of entering a general appearance. The application for leave to file a second petition for rehearing and the motion for leave to withdraw the case-made for correction are denied.

BAYLESS, C. J., and RILEY, OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., dissents.