No. 916 Southern Bristol, ss.

STERN et al. (S. Rosenberg)
v. POTTER, adm. (O'Brien, Bentley & Ponte)

From the Third District Court of Bristol—Nunes, J.
Argued June 16, 1941—Opinion Filed August 15, 1941

SANBORN, P.J. (Rowe, & Rollins, JJ.)—This is an action of contract in which the plaintiffs seek damages for failure of the defendant's intestate to convey all the land purchased by them under a certain written agreement. The case was submitted on an agreed statement of facts.

No. 25 Vernon Street, the property as sold, consisted of a

four-family house, a four-car garage and appurtenant land—the house being on the west side of Vernon Street and there being an apparent frontage of 75 feet. In fact, the building extended northerly over the boundary line 15 feet and westerly 28½ feet so that part of two apartments were north of the boundary line. The part north of the line is hereafter referred to as the addition.

Boisvert in June, 1937, purchased the premises north of the boundary line, part of which consisted of the land on which the addition was erected. Boisvert took possession of the premises, paid taxes assessed against 25 Vernon Street, maintained the property, including the addition, and graded and seeded the land in the rear of the addition. Boisvert discovered the discrepancy in the early part of 1937 and thereafter acquired the property to the north on which the addition stands. The fair market value for land in this location is $75 per rod. The fair market value of the addition was $1,500."

The court made a finding for the plaintiff and assessed damages in the sum of $500.

The defendant filed a request for a ruling, that the true measure of damages was the market value of the land adjacent to the property. The court allowed this request, ruling that the value of any improvements on the land could not be considered in arriving at any damage caused the plaintiffs and limited the damage to the fair market value of the necessary land which had not been conveyed by the defendant's intestate.

The sole question is whether the trial court adopted the correct rule of damages, or whether, as the plaintiffs contend, they are entitled to recover the value of the improvements upon the land not conveyed in addition to the value of the land itself.

The theory of damage for a breach of contract calls for the determination of the amount of money necessary to put a plaintiff in the same position he would be in if the contract had been fulfilled, Hall v. Paine, 224 Mass. 62-65, Snelling v. Dine, 270 Mass. 501, Cragin v. Jones, 283 Mass. 474, and as stated in Hall v. Paine, this rule as applied to contracts for sales or purchases of goods that are the ordinary subjects of commercial transactions which have a fixed value in the market, means the fair market value of the goods at the time of breach.

In cases of breach of warranty of a deed because of an outstanding paramount title, the measure of damages is the loss actually sustained by the grantee, Wetmore v. Green, 11 Pick. 462, Jenkins v. Hopkins, 8 Pick. 345, Cecconi v. Rodden, 147 Mass. 164, and, in general, this means in the event the grantee buys in the outstanding interest to perfect his own title, the cost of acquiring that paramount title. There is this limitation, however, to the reimbursement a purchaser thus extinguishing a paramount title is entitled to. He cannot recover an amount in excess of the reasonable value of the interest ac-

[ 121 ]

quired, and this means an amount that is just and reasonable as against the covenanter, *Leffingwell* v. *Elliot,* 8 Pick. 455, *Prescott* v. *Trueman,* 4 Mass. 627, *Richmond* v. *Ames,* 164 Mass. 469.

While the instant case is one of breach of contract to convey, rather than one of breach of covenant of the deed actually given, we are of the opinion the damages should be determined in accordance with the principles applicable to cases of breach of covenants against encumbrances, and the damages should be the cost to the grantee of acquiring that which the grantor failed to convey, namely, the land on which the so-called addition, or the encroaching part of the building stood, but the amount of such damage must be limited to the just and reasonable value of the land thus purchased.

The ruling requested by the defendant that the fair market value of the land necessary to be acquired is the true measure of damages is, therefore, not strictly accurate, as the grantee might have acquired the land for less than its fair market value, or even for a nominal amount, and would be fully indemnified if reimbursed for the amount thus paid. There is no reported evidence of this cost, but it seems to be assumed the plaintiff is entitled to recover $500 as found by the trial court, if the land only is to be considered in determining damages. Regardless of the cost to him of acquiring the necessary additional land, the plaintiff cannot recover in excess of its fair, just and reasonable value, and this the court found to be $500.

There has been no prejudicial error and this report is to be dismissed.